## ACKLEY & DANA v. CHAMBERLAIN.

A JUDGMENT recovered against the husband does not become a lien on the homestead, and a sale of the homestead upon an execution issued on such judgment is void.

The lien of a judgment is purely the creature of statute, and in this State the statute only provides that a judgment shall become a lien from the time it is docketed upon the property of the judgment debtor "not exempt from execution," which means upon property not subject to forced sale. The homestead is not subject to such sale, either on execution or any other final process of the Court.

In this case, the premises, consisting of a principal building, with a barn, storehouse and out-houses appurtenant thereto, were held to be a homestead, although the principal building was used as a hotel, as well as a dwelling for the family—it appearing that the land, one hundred and sixty acres, was taken up, and said building originally intended as a residence for the family, and that the nature and extent of the hotel-keeping did not interfere with the general character of the premises as such dwelling, and that the entire premises were not worth over $2,000.

Query, whether premises devoted chiefly to business purposes, though occupied in part by the family, can be claimed as a homestead?

APPEAL from the Eleventh District.

The facts sufficiently appear in the opinion. Defendant had judgment. Plaintiffs appeal.

*Hale & Smith*, for Appellants.

I. The premises were used as a general hotel, and cannot be claimed as a homestead. (1 Clark, (Iowa) 435; *Garvey* v. *Easterbrook*, 6 Cal.; 4 Iowa, 368.)

II. The homestead exemption under our law is a mere personal privilege, which is not transferable; and hence, if this property could, at any time, be claimed as exempt, the vendee of Guion and wife took subject to the attachment, judgment and purchase of plaintiffs. (Pr. Act, sec. 204; *Chamberlain* v. *Lyell*, 3 Mich. 448; *Hoyt* v. *Howe*, 3 Wis. 752.)

*Tuttle & Hillyer*, for Respondent.

I. The premises did not cease to be a homestead when they were used as a hotel.

This was not a hotel in the ordinary sense of that term, as applied to buildings in towns and cities. It is part of the "social condition of

Ackley *v.* Chamberlain.

the country," of which the Court will take notice, that ranches of the character of this, situated on mountain roads, are almost universally and necessarily public houses to a certain extent, and yet constitute the homes of the families residing thereon. The farmers of the country nearly all keep public house. Under the first section of the Homestead Act, the test seems to be that the premises shall be "a lot of land with the dwelling-house thereon;" and if the uses to which Guion put the premises were not inconsistent with the character of a dwelling-house, then they were the homestead. (*Pryor* v. *Stone,* 19 Texas, 572; *Hancock* v. *Morgan,* 17 Id. 582.)

II.   A purchaser of the homestead by deed from husband and wife gets a title valid as against a purchaser at a judicial sale, under a judgment against the husband, made while the premises were occupied as a homestead.

The homestead is not subject to forced sale.   ( 3 Mich. 458 ; 3 Wis. 752, and Chilton's Opinion, 758 ; *Sampson & Keene* v. *Williamson,* 6 Texas, 109 ; *Lee* v. *Kingsbury,* 13 Id. 68 ; *Stone* v. *Darrell,* 20 Id. 11 ; *Wood* v. *Chambers,* Id. 247 ; *Bridgman* v. *Willard,* 4 Greene, (Iowa) 563.)   The decisions in this Court, prior to *Gee* v. *Moore,* (14 Cal.) sustain our position, and that case does not touch the question here, because the conveyance there was voluntary.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is an action to recover the possession of certain premises situated in Placer county. The plaintiffs claim title by virtue of a conveyance from the Sheriff of that county, bearing date in March, 1859, executed upon the purchase of the premises at a sale under judgment and execution against one Daniel Guion. The judgment was recovered in August, 1858, and the sale was made in September following. At the time, and for nearly a year previous, the premises were the property of Guion, and the principal building erected thereon was occupied as the residence of himself and family, and at the same time was used as a hotel. Subsequent to the sale, and in January, 1859, the premises were conveyed by the joint deed of Guion and wife to the grantor of the landlord of the defendant.

If the premises in controversy acquired the character of homestead by the residence of Guion and his family, the judgment of the plaintiffs never became a lien thereon, and the sale upon the execution was void.

Ackley *v.* Chamberlain.

The lien of a judgment is purely the creature of statute, and in this State the statute only provides that a judgment shall become a lien from the time it is docketed upon the property of the judgment debtor " *not exempt from execution,*" which means, upon property which is not subject to forced sale. The homestead is not subject to such sale, either on execution or any other final process of the Court. The only question then for consideration is, whether the premises, from the fact that the principal building thereon was used as a hotel, ever acquired the character of a homestead.

The premises consist of a ranch, or farm, of one hundred and sixty acres, and the building used as a hotel, with the usual barn, store-house and out-houses appurtenant thereto. The building was originally designed for a family residence and store-house, but in the progress of erection the design was changed so as to adapt it to the purposes of a hotel. It was not completed until January, 1858, but was occupied in its unfinished state by Guion and his family as their residence from November previous. It was situated on a mountain road, and its owner kept boarders and lodgers, and furnished accommodations to travelers. The value of the entire premises did not exceed two thousand dollars.

A homestead is the residence of the family—is the place where the home is—and it would seem unreasonable, upon first impressions, that premises should be regarded as a homestead, unless devoted principally to such residence and home. It would seem unreasonable, for example, that a gas factory should be impressed with the character of a homestead, because the owner resided with his family in the upper story of the building, or that a store-house should become exempt from execution, because the owner occupied the basement in the same way. The question whether property devoted chiefly to business purposes can be subject to a homestead claim is full of embarrassment, and we are not required to lay down any positive rule on the subject in the present case. In this case the building was intended for a dwelling-house, as well as a hotel. It was the intention of the owner in its construction to make it his residence. It was occupied by him and his family as such residence before it was ever used as a hotel. The nature and extent of the business did not interfere with its general character as a dwelling house. The keeping of boarders and accommodation of lodgers and travelers were not inconsistent with the main purpose of taking up the one hundred and sixty acres, and the erection of the building.

Upon the whole case, we are, therefore, of opinion that the premises were impressed with the character of a homestead, and so affirm the judgment.