[No. 3,983.]

## H. ENGLEBRECHT AND H. L. LEVY v. MRS. SHADE AND MRS. WICKS.

DEDICATION OF HOMESTEAD.—When a declaration of homestead is filed on parts of two lots in a city, which form a compact body of land, and the residence of the homestead claimants is on one of the lots, but the other is used as a place for drying clothes, and as a means of access to the street, the dedication of all the premises as a homestead is complete, and no portion of it is subject to execution.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

On the tenth day of March, 1866, Jacob Kippel and Mary Ann Kippel were occupying a piece of land in the city of Sacramento, in the block bounded by M and N and Ninth and

Tenth streets. This piece of land fronted eighty feet on Ninth street, and extended back one hundred and twenty feet towards Tenth street. The size of a lot, as laid down on the official map of Sacramento, was eighty feet front by one hundred and sixty feet deep. The land occupied by the Kippels constituted the north half of lot eight, and the north half of the west half of lot seven. The north half of lot eight included the front eighty feet of the lot, while the north half of the west half of lot seven embraced the back forty feet. They resided on the north half of the west half of lot seven, but used the north half of lot eight as a place for drying clothes, and passed over it in going on to the street. On said tenth day of March they made a declaration of homestead on the whole tract. The plaintiffs recovered a judgment against Jacob Kippel on the eighteenth day of December, 1871, and had an execution levied on the north half of lot eight, and purchased the same at Sheriff's sale and obtained a Sheriff's deed therefor on the twenty-second day of August, 1872. This was an action of ejectment to recover the north half of lot eight. It was brought against Mrs. Shade and Mrs. Wicks, because the Kippels permitted them to use the north half of lot eight for same purpose. The Court below allowed the Kippels to defend in the name of the defendants. The plaintiffs recovered judgment in the Court below, and the defendants appealed.

*Thomas J. Clunie* and *N. Greene Curtis,* for the Appellants, argued that, although the declaration of homestead covered parts of two lots, yet, as the lots were contiguous, and were both used as a homestead, the declaration was good to the whole ground, and cited *Gregg* v. *Bostwick,* 33 Cal. 228.

*G. W. Spaulding,* for the Respondents, argued that, as the appellants did not reside on the demanded premises at the time the declaration was filed, no homestead rights attached.

By the COURT:

The Court below erred in entering judgment for the plaintiffs on the findings. On the facts found, the premises in controversy, were clearly the homestead of the defendants, and therefore exempt from execution. The declaration of homestead was in proper form, and duly filed for record. It included the premises in controversy, and the whole was worth less than $5,000. All the land included in the homestead claim was in one compact body; and, though the dwelling house occupied by the defendant and his family, was upon an adjoining portion of the premises, not involved in this controversy, the Court finds that the land in dispute was used by the family for the purpose of drying clothes, and as a means of access to the street. Under these circumstances, the dedication of the whole premises as a homestead was complete, and no portion of it was subject to execution.

Judgment reversed and cause remanded, with an order to the Court below to enter judgment for the defendants on the findings.

Remittitur forthwith.