## H. D. RUSH, *et al.*, v. WILLIAM GORDON.

REAL ESTATE, *Not Deprived of Homestead Character.* Where G. owns certain real estate in a city, and he with his wife and children occupies the entire property as a residence, except that his wife carries on a retail grocery and provision business in the first or lower story of the main building situated on the premises, and uses the cellar and some other parts of the premises in connection with her business, *held*, that the property is not deprived of its homestead character under the homestead-exemption laws because of its partial occupancy and use by the wife in carrying on such retail grocery and provision business.

*Error from Leavenworth District Court.*

ON or about February 1, 1882, H. D. Rush recovered a judgment in the district court of Leavenworth county against William Gordon upon an account for flour, for the sum of $2,338.56, and costs of suit. About May 8, 1883, an execution was issued on such judgment, and at the instance of Rush was levied by John W. Prest, the sheriff of Leavenworth county, upon lots 6 and 7, in block 24, in Leavenworth city; said lots being the property of the said William Gordon. The sheriff then advertised that he would sell said lots on June 18, 1883. On June 13, 1883, *William Gordon* commenced this action in the said district court, against *Rush* and *Prest,* to perpetually enjoin and restrain them from selling said lots, upon the ground that the lots were the plaintiff's homestead, and were exempt from execution or judicial sale. The defendants answered, and the plaintiff replied. On July 5, 1884, the case was tried before the court without a jury, and the court made the following findings and conclusions, to wit:

" 1. The plaintiff purchased the respective lots described in his petition at the times set out in his petition, and he has resided on said lots with his family ever since he purchased them, and · has had no other residence; said lots are contiguous to each other, and are each twenty-four feet by one hundred and twenty-five feet in dimensions.

" 2. Prior to the year 1868, there was on said lot 6 a frame house, which was occupied by the plaintiff as his home, as well as a retail grocery store, he and his family occupying the upper-story rooms, and the ground floor being used as a retail grocery store by said Gordon.

" 3. In the year 1867 the plaintiff built on lot 6 a house fronting on Shawnee street in the city of Leavenworth, and extending back from Shawnee street ninety feet, which house so built is of brick walls and is twenty-four feet wide, and has a cellar under the entire length of the same eight feet deep and extended into the pavement on Shawnee street four feet; and the extension into the pavement on Shawnee street was inclosed with area walls and covered with an iron grating for a pavement over the same. The first story above ground, ninety feet deep, was built for and has always been used for

a business room as a retail grocery store, and the cellar has been used and was built for the same purpose, except that the heating apparatus for the entire building was and is in the cellar, and a cistern to supply water for the use of the building was in the cellar. The business room on the first floor was unplastered and unfinished other than the brick walls, and was supplied with counter, shelving and for a first-class retail grocery store, and as such has always since that time been used. There was a hall-way on the east side of the building so constructed leading to a second and third story above said business room separated by a board partition from the store room, which second and third stories were built at the same time as the other, and the plaintiff and his family have, during all the time since the construction of the building, lived in such second and third stories, except so far as they have occupied a portion of the building on the other lot as hereinafter set forth. The lot is 125 feet deep by twenty-four feet wide, and the stable was built on the rear end of the same. There was a hatchway from the grocery store room to the cellar, and also a stairway. After the purchase of lot 7, the plaintiff built thereon a brick building ninety feet deep, joined to the wall of the other building and fronting on Shawnee street, with a cellar eight feet deep under the same the entire length of the building, and with windows or area walls in the Shawnee street pavement, and with a hatchway from the business room on the first floor, and also a stairway into the cellar. The room on the first floor of this building was of brick walls the entire length of the same, and of no other finish, and the cellar and first-floor room were built for a grocery-store room to be used in connection with the grocery-store room on lot 6; there was also a chicken coop on rear end of lot 7, used for keeping chickens for his own family use, and for sale in the grocery and provision business, 24x24 feet. The building on this lot was made one story above the business room for sixty feet back from Shawnee street, and the second story so made was connected by an opening in the wall of the building on lot 6 with the rooms occupied by the said Gordon and his family in that building, and has been since that time used as a dwelling by the said Gordon and his family in connection with the rooms occupied by them over the grocery-store room on lot 6. There was also a hall-way on the west side of the building on lot 7, leading from Shawnee street to the upper story of that building.

"4. Shawnee street is one of the principal business streets in the city of Leavenworth.

"5. The building so constructed was the best fitted and constructed retail grocery-store rooms in the city of Leavenworth. The business rooms so constructed were occupied by the plaintiff and his brother as a retail grocery and provision store from the time of their construction to the death of the brother of the plaintiff about four years ago, and after that by the plaintiff till his failure in October, 1881, when the plaintiff made an assignment of his goods and the assignee occupied the business rooms and cellars on said lots for something over a month, since which time the wife of the plaintiff has carried on the grocery and provision business in said business rooms. The debt for which judgment was taken and execution was issued and levied as alleged in the petition, was for a balance due for flour, the said Rush having sold to said Gordon flour to be disposed of in said business house as part of the stock of said Gordon. The front of said store rooms on Shawnee street was completed as a business front for such business establishment, with glass doors; and the business part of said building so completed has at all times remained the same, and was such at the time of the rendition of the judgment and the levy alleged in the petition. But said Gordon had a balcony all along the front of said buildings at the second story, accessible only from his dwelling rooms on said second story.

"6. The roofs of the lower story of both buildings, which extended 30 feet beyond the second stories, were used as a back yard by the plaintiff.

"7. The only means of access to the cellars of the new building was by two stairways leading down from the store room therein, each stairway being about twenty feet back from Shawnee street, and in the cellar the plaintiff kept his coal and fuel for his family use."

As conclusions of law, the court found:

"That the said lots described in the plaintiff's petition are the homestead of the said plaintiff, and are exempt, and that the said judgment of said Rush set up in his answer is no lien upon said lots; and that the said plaintiff is entitled to a perpetual injunction against the said defendants, enjoining and restraining them and each of them from selling or attempting to sell said lots under said judgment."

Judgment was rendered in favor of the plaintiff and against the defendants, awarding a perpetual injunction as prayed for

in the plaintiff's petition.  To reverse this judgment, the defendants, on July 3, 1885, brought the case to this court.

*Stillings & Stillings,* for plaintiffs in error.
*Wm. Dill,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is, whether certain real estate, less than one acre, and lying within the incorporated city of Leavenworth, is the homestead of William Gordon and his family, so as to render it exempt from sale under a certain judgment in favor of H. D. Rush and against Gordon.  At the time when this judgment was rendered, and ever since, the property has been occupied by Gordon and his family.  The upper stories of the main building situated on the property have all the time been occupied by Gordon and his wife and children as their residence, and access to and egress from the upper stories are by means of stairways through the first or lower story.  All the heating apparatus for the entire building is located in the cellar, and the cellar is used in connection with the upper stories as a residence, not only for heating purposes, but also for storage, and the heat must pass from the cellar through the first or the lower story to the upper stories.  The first or lower story and the cellar are also used by the wife for the purpose of carrying on a retail grocery and provision business.  The entire real estate in controversy is used by the husband and wife in connection with their residence and the grocery and provision business; and there is nothing to prevent it from being a homestead within the meaning of the homestead-exemption laws, except that the wife keeps a grocery and provision store in the first or lower story, and makes use of the cellar and some other parts of the premises in connection therewith.  We think the property is a homestead within the meaning of the homestead-exemption laws, and not subject to sale on judicial process.  (*Hogan v. Manners,* 23 Kas. 551.)

The judgment of the court below will be affirmed.

All the Justices concurring.