[No. 14692. In Bank. — April 2, 1892.]

W. F. HEATHMAN et ux., Appellants, v. W. H. HOLMES et al., Respondents.

Homestead — Use of Part of Residence for Business Purposes. — The use of a building partly, or even chiefly, for business purposes, or the renting of part of it, does not deprive the owner of the benefit of his exemption of the building as a homestead, if the building is, and continues to be, the *bona fide* residence of the family.

Id. —Addition for Hotel Purposes — Rooms Reserved for Residence. — The owner of a building upon which he has declared a homestead does not forfeit his right of homestead merely because he afterwards builds a large addition to the building, and leases the greater portion of the entire building to a third party for a term of years for hotel purposes, if he expressly reserves from the lease certain rooms and privileges, and continues to live therein with his family.

Id. — Construction of Homestead Statute. — The homestead statute is a remedial measure, and should be liberally construed.

Appeal from an order of the Superior Court of Los Angeles County dissolving an injunction.

The facts are stated in the opinion of the court.

*E. C. Bower*, and *J. D. Pope*, for Appellants.

The homestead statute is a remedial measure, and should be liberally construed. (*Schuyler* v. *Broughton*, 76 Cal. 524; *Southwick* v. *Davis*, 78 Cal. 508.) The value

of the property in which a homestead interest is claimed is of no consequence on the question of the validity of the claim. (*Ham* v. *Santa Rosa Bank*, 62 Cal. 125; 45 Am. Rep. 654; *King* v. *Gotz*, 70 Cal. 236; *Sanders* v. *Russell*, 86 Cal. 119; 21 Am. St. Rep. 26.) The homestead, no matter what may be its actual value, cannot be subjected to execution or forced sale, except in the manner pointed out in sections 1245 and 1259 of the Civil Code. (*Gregg* v. *Bostwick*, 33 Cal. 228; 91 Am. Dec. 637.) If the homestead right has attached to the property, any attempt to sell it under execution without appraisement will be restrained by injunction. (*Culver* v. *Rogers*, 28 Cal. 520; *Eby* v. *Foster*, 61 Cal. 287; *Lubbock* v. *McMann*, 82 Cal. 230; 16 Am. St. Rep. 108; *Roth* v. *Insley*, 86 Cal. 134.) The validity of the homestead is not affected by reason of the fact that the principal building is called a hotel, or is in fact a hotel (*Ackley* v. *Chamberlain*, 16 Cal. 181–184; 76 Am. Dec. 516); or that it was contemplated when the improvements were made to entertain both boarders and transients (*Ackley* v. *Chamberlain*, 16 Cal. 181–184; 76 Am. Dec. 516); nor by the homesteader renting out all the rooms except one sleeping-room, — not even by renting out all the house, and then occupying one room under the tenant. (*Skinner* v. *Hall*, 69 Cal. 195, 197, 198.) In its inception, then or thereafter, the substance of a homestead is a parcel of land on which the family reside. It is constituted by residence and selection. Where these things exist so as to express its essence, the homestead becomes an estate in the premises selected exempted by law from forced sale. (*Ham* v. *Santa Rosa Bank*, 62 Cal. 125; 45 Am. Rep. 654; *Skinner* v. *Hall*, 69 Cal. 198; *Lubbock* v. *McMann*, 82 Cal. 230; 16 Am. St. Rep. 108.) If the premises are also used as a place of business by the family, which frequently happens, it may not therefore cease to be a homestead, if they are necessary or convenient for family use independent of the business. (*Estate of Delaney*, 37 Cal. 176.) Occupancy of a building partly as a dwelling and partly as a general store does not deprive

it of the homestead character. (*Rush* v. *Gordon*, 38 Kan. 535.) Where a homestead is also used as a place of business, it does not for that reason cease to be a homestead. (*Bebb* v. *Crowe*, 39 Kan. 342.)

*J. T. Houx, Shirley C. Ward,* and *Edwin A. Merserve,* for Respondents.

The premises are not a homestead, and were not, because they were used for business. The use of a homestead determines whether it is subject to being made a homestead or not. (*Laughlin* v. *Wright*, 63 Cal. 113; *Maloney* v. *Hefer*, 75 Cal. 422; 7 Am. St. Rep. 180.)

McFARLAND, J. — Plaintiffs obtained a writ of injunction enjoining the sale under execution of certain premises claimed by them as a homestead. On motion of defendants, the injunction was dissolved; and from the order dissolving it, the plaintiffs appeal. The only question in the case is, whether or not the premises constitute the legal homestead of the appellants.

The evidence shows, substantially, these facts: In 1883, the appellant M. F. Heathman purchased the lot of land involved, situated in the residence part of the city of Los Angeles, "for the purpose of erecting a dwelling-house thereon, and making the same a home and dwelling-place for himself and family." In the summer of 1885 he moved into the house with his family, consisting of a wife and daughter, and has resided on the premises with his family continuously ever since. On February 17, 1890, the said M. F. Heathman duly executed a declaration of homestead upon the said premises, which was on the same day duly recorded. However, in 1888, he built a large addition to the house, and in October of that year he leased the greater part of the house to Mrs. Samantha Kelly for a term of three years. He reserved from the lease two main rooms over the parlors, and also a bath-room, and certain other privileges, and he with the family continued to live and make their home in the house until about March 1, 1890, when

Mrs. Kelly forfeited her lease and left the house,—Heathman and his family remaining in the house and continuing to make it their home.   He was not the lessee of Mrs. Kelly of the part of the house used by him and his family while Mrs. Kelly was there; but that part of the house was reserved from the operation of the lease from him to her.   The rooms thus reserved were taken care of by his family, although he and his family took their meals with Mrs. Kelly at a certain price agreed upon when the lease was made, and which was deducted from the monthly rent due him from her.   The part of the building leased by her was used by her as a boarding and lodging house.   Two witnesses — the said Mrs. Kelly and one J. A. Kelly — swore that the addition to the house was built for hotel purposes, and with special reference to its use as a hotel.   Heathman testified that he built the addition partly on account of financial loss in his business, and partly because his wife not being physically strong enough to bear the cares of housekeeping, he decided to adopt measures by which his family could have their board furnished in their own house.

We think that the court below erred in dissolving the injunction.   We have not been referred to any decision of this court where the facts were exactly like those in the case at bar; but it has been held here that using a building partly, or even chiefly, for business purposes, or renting part of it, is not inconsistent with the right of homestead, provided it is, and continues to be, the *bona fide* residence of the family.   (*Ackley* v. *Chamberlain*, 16 Cal. 181; 76 Am. Dec. 516; *Skinner* v. *Hall*, 69 Cal. 195; *Lubbock* v. *McMann*, 82 Cal. 226; 16 Am. St. Rep. 108.)   In other states this rule has been very broadly stated.   In *Phelps* v. *Rooney*, 9 Wis. 70, for instance,— perhaps a somewhat extreme case, — the homestead claimant owned a building three stories high in front and four at the rear.   The court say that "the style of the building externally is that of a store, and it is situated in a compact block, on one of the principal

business streets of the city of Milwaukee." The base-
ment and the first story, and a room of the second story,
were rented and occupied by tenants as a wholesale and
retail store; the balance of the second story and the
third story were occupied by the claimant and his family
as a dwelling. The property was much more valuable
for business than for residence purposes. The store
would command a rent of $1,500 per annum, while the
rooms used as a residence would not rent for more than
$250 or $300. But the court held the homestead· to be
good, saying: "Nor does the owner forfeit the benefit of
his exemption by devoting some, even the most valuable,
portion of the building to another use than a mere resi-
dence of his family." And there is no substantial dif-
ference between the statutory provisions there and here,
except that there the amount of land which may be cov-
ered by a homestead is limited. (See also *Rush* v. *Gor-
don*, 38 Kan. 535.)

In the case at bar, it is not contended by respondents
that the appellants did not continue to reside in the
building and to make it their home, or that they had any
other residence or home. They have never ceased for a
day to reside there from 1885 to the present time. But
it is contended that because for part of that time they
leased part of the building, although residing themselves
in the part not leased, therefore they lost the right of
homestead. We cannot concur in this view. To do so
would be to hold that appellants lost their residence with-
out changing it, and left their home without going away
from it. In *Ackley* v. *Chamberlain*, 16 Cal. 181, 76 Am.
Dec. 516, Field, C. J., said that "the question whether
property devoted chiefly to business purposes can be
subject to a homestead claim is full of embarrassment";
but we think that there should, at least, be no embarrass-
ment in a case like the one at bar, where, after the
family had lived on the premises for years and devoted
it entirely to a home, it was concluded to enlarge the
building for both domestic and financial reasons. It

would be strange, indeed, if the occupants of a house could not use part of it for family revenue, no matter how favorable the opportunity might be to do so, without forfeiting the home itself. There is nothing in the homestead laws which prohibits such use, and it has been settled here that "the homestead statute is a remedial measure, and should be liberally construed." (*Schuyler* v. *Broughton*, 76 Cal. 524; *Southwick* v. *Davis*, 78 Cal. 504.)

The contention of respondents rests almost entirely on the authority of *Laughlin* v. *Wright*, 63 Cal. 113, and mainly upon some language used in the opinion delivered in that case. The statement of facts in the opinion is very meager; but it appears that the premises were used primarily and principally as a hotel, and that the residence of the family there was merely "incidental to the business of running a hotel," and that when they became financially embarrassed "they sought a residence elsewhere." So far, therefore, as the facts appear in that case, the family had never really made the premises their *bona fide* home. In the opinion, the case of *Ackley* v. *Chamberlain*, 16 Cal. 181, 76 Am. Dec. 516, is cited approvingly, and the latter case is entirely inconsistent with the conclusion which respondents here seek to draw from language used in *Laughlin* v. *Wright*, 63 Cal. 113. The case of *Maloney* v. *Hefer*, 75 Cal. 422, 7 Am. St. Rep. 180, also cited by respondents, was materially different from the case at bar. In that case there were two houses entirely separate and distinct from each other. The family lived in one of the houses and rented the other, and it was merely held that the homestead did not include the house in which the claimants did not live.

We are satisfied that from the facts developed in the case at bar the appellants are entitled to their asserted homestead rights, and that the court erred in dissolving the injunction. Of course, the decision here has no effect upon any right which respondents may assert to reach

the excess of the value of the property over the homestead valuation.

The order dissolving the injunction is reversed.

Garoutte, J., De Haven, J., Sharpstein, J., and Beatty, C. J., concurred.

Harrison, J., and Paterson, J., dissented.