| 96 | 443 |
| 142 | 248 |

</div>

[No. 14475.    Department One. — November 15, 1892.]

## CHARLES RICHARDSON, RESPONDENT, v. THE CITY OF EUREKA, APPELLANT.

NEW TRIAL — USE OF SETTLED STATEMENT — PRESUMPTION UPON APPEAL. — A statement upon motion for a new trial which appears from the record upon appeal to have been duly presented, settled, and allowed will be presumed to have been used upon the hearing of the motion, where nothing to the contrary is shown; and it is immaterial that it does not appear by indorsement of the trial judge thereon that it was used on the hearing of the motion.

ID. — EMBODIMENT OF EVIDENCE IN STATEMENT — CERTIFICATE OF JUDGE.— Where the statement is certified by the trial judge to be correct, an objection upon appeal that the statement does not contain all the evidence is without merit.

ID. — OMISSION OF SIGNATURE TO STATEMENT — ACCEPTANCE OF SERVICE WITHOUT OBJECTION — AMENDMENT. — Where it appears that the statement as presented to the plaintiff was indorsed " Defendant's statement of the case," and service thereof was accepted by the plaintiff without objection, upon objection by the plaintiff to the settlement of the statement, upon the ground that it was not signed by the moving party or his attorney, it is proper for the court to permit the attorney for the moving party to amend the statement by signing the same.

ID. — REQUEST FOR SETTLEMENT — AMENDMENT AFTER TIME FOR STATEMENT. — The action of the trial court in allowing a party moving for a new trial to insert in the proposed statement a request for its settlement and allowance is not erroneous, although the amendment was made after the time for filing the statement had expired.

NUISANCE — OBSTRUCTION OF NATURAL WATERCOURSE — BACK-WATER — LIABILITY OF MUNICIPAL CORPORATION. — A city is not authorized to place any obstruction across the channel of a natural watercourse without taking the necessary precautions for the escape of the water flowing therein, and if the water is backed upon private property by means of an embankment erected in the grading of a street, and does not provide for the escape of the water by means of a permanent sewer, or some other channel of escape in lieu thereof, it is liable to an action by the owner of the property flooded to abate the obstruction as a nuisance and to recover the damages thereby sustained.

ID. — EXPERT EVIDENCE — CHANGE IN CONDITION OF SETTLED BUILDING. — In an action against the city for damage caused by such back-water, the question whether the plaster in plaintiff's building, which had been caused to settle six or seven inches, would be in the same condition after as before the building settled, is not a proper subject for expert evidence.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. N. Gillett*, for Appellant.

The city had the right to fill the streets to the established grade, and if in consequence of so doing water collected in ponds or pools on the adjoining lots, which were thus brought below the level of the streets, the city would not be liable for damages thereby occasioned. ( *Wilson* v. *Mayor of New York*, 1 Denio, 595; 43 Am. Dec. 719; *Mills* v. *Brooklyn*, 32 N. Y. 489; *Gould* v. *Booth*, 66 N. Y. 65; *Clark* v. *Wilmington*, 5 Harr. (Del.) 243; *Baxter* v. *Tripp*, 12 R. I. 310; Dillon on Municipal Corporations, 3d ed., sec. 1051.) The court did not err in allowing defendant's attorney to sign the statement and in allowing the prayer to be added. (Code Civ. Proc., sec. 473; Hayne on New Trial and Appeal, sec. 160, and cases there cited.) The statement shows that it was to be " used on a motion for a new trial." The court denied the motion, and the presumption must be that it was made on the state-

ment settled by the court for that purpose. (*Pico* v. *Cohn*, 78 Cal. 384.)

E. W. *Wilson*, and J. W. *Turner*, for Respondent.

The statement cannot be considered, as it does not appear by the indorsement of the judge thereon that the so-called statement was used or identified as used upon the motion for a new trial. (*Jue Fook Sam* v. *Lord*, 83 Cal. 159; *Mix* v. *San Diego R. R. Co.*, 86 Cal. 235.) It is also insufficient because it does not contain, nor purport to contain, as it must, all, or the substance of all, the evidence introduced upon the trial of the cause. (*Paris* v. *Raynor*, 76 Cal. 647; *Brown* v. *Casey*, 80 Cal. 504.) The alleged statement was not prepared or served within the time allowed by law. (*Landers* v. *Lawler*, 84 Cal. 547; Hayne on New Trial and Appeal, sec. 160; *Bunnel* v. *Stockton*, 83 Cal. 320; *Stonesifer* v. *Armstrong*, 86 Cal. 594.) The complaint states a cause of action. (*Conniff* v. *San Francisco*, 67 Cal. 45; *Spangler* v. *San Francisco*, 84 Cal. 12; 18 Am. St. Rep. 158; *City of Richmond* v. *Long's Adm'r*, 17 Gratt. 375; 94 Am. Dec. 461; *Barnes* v. *Dist. of Columbia*, 91 U. S. 540.) The question asked of the witness as to what would have been the condition of the plastering in the building if the building had settled was not· a proper subject of expert evidence. (*Protection Ins. Co.* v. *Harmer*, 2 Ohio St. 455; *Sowers* v. *Dukes*, 8 Minn. 23; *Fraser* v. *Tupper*, 29 Vt. 409.)

PATERSON, J. — This is an action to abate a nuisance and to recover damages occasioned by the obstruction of a natural watercourse flowing across the plaintiff's land. The obstruction complained of consists of an embankment erected in grading a street in the city of Eureka across the natural watercourse referred to.

A motion was made to dismiss the appeal, but the same was denied (92 Cal. 64), the court saying: " Any defects alleged to exist in the statement of the case will be considered when the cause comes before us upon its merits."

It is urged that the statement ought not to be considered, because it does not appear by any indorsement of the judge thereon that it was used on the hearing of the motion for a new trial, and that it does not contain or purport to contain all the evidence. Neither of these objections is well taken. The statement appears to have been duly presented, settled, and allowed by the court. It is a part of the record, and we must presume that it was used on the hearing of the motion, there being nothing to the contrary shown. There is no merit in the contention that the statement does not contain all the evidence. The certificate of the judge that the statement is correct is sufficient.

It is also contended that the statement was not authenticated. This contention is based upon the fact that it was not signed by the moving party or his attorneys. Objection was made on that ground to the settlement of the statement, whereupon the attorneys for the moving party asked permission to amend the statement by signing the same. This request was granted, and properly so. The statement, as presented to the attorneys for the respondent, was indorsed, "Defendant's statement of the case," and service thereof was accepted without objection. The attorneys for the respondent could not have been misled by the omission.

It is claimed, also, that the court erred in allowing the moving party to insert in the proposed statement a request for its settlement and allowance. If such matter was essential to the validity of the statement, there was no error in the ruling of the court, although the amendment was made after the time for filing the statement had expired. (*Low* v. *McCallan*, 64 Cal. 2; *Macadamizing Co.* v. *Williams*, 70 Cal. 538.)

It was alleged in the complaint that the waters which were caused to be thrown back upon plaintiff's property by the embankment in the street were the waters of a natural watercourse. The answer, in effect, admitted that there had been a natural watercourse across plaintiff's property, but averred that " for a long time prior

thereto it had and now has no defined course or channel
by reason of the improvements made in said city; that
lots over and through which it formerly passed had
been filled in, and buildings have been constructed
thereon; that streets have been graded over and along
said water-way, and the water flowing therein now runs
through culverts and in sewers."

Upon the issue thus raised there was a sharp conflict
of evidence. If it was a natural watercourse, the city
was not authorized to place any obstruction across the
channel without taking the necessary precautions for
the escape of the water flowing therein. There is evi-
dence tending to show that the city attempted to do this
by the construction of a sewer, but the evidence on be-
half of the plaintiff tended to prove that this sewer had
been changed or abandoned, and that no proper channel
of escape had been provided in lieu thereof. The charge
of the court to the jury is not in the record, and we must
presume that proper instructions were given upon all
matters connected with the subject of the action.

We do not think the court erred in sustaining the
objection to the question, "Now, in your opinion, as an
expert, would that plastering be in the condition that
you found it had the building, since the plastering was
placed there, settled six or seven inches?" It must be
apparent to any one that the plaster of a building which
has settled six or seven inches cannot be in the condi-
tion that it was before it settled.

There are other exceptions argued by counsel for ap-
pellant, but we do not deem it necessary to discuss them
in this opinion. We have examined them, and think
there is no merit in any of them.

Judgment and order affirmed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a
hearing in Bank.