[No. 15629.   Department Two.—December 13, 1894.]

In the Matter of the Estate of CAROLINE OGBURN, Deceased.

Homestead—Sufficiency of Declaration—Description of Property.— A declaration of homestead which states that the family then resided upon the lot and premises sought to be erected into a homestead is sufficient where such statement, taken together with a description which follows, clearly enough designates the premises intended to be claimed as such homestead.

Id.—Occupation of Part for Business Purposes.—The homestead character of the premises is not destroyed, either in whole or in part, by the fact that the husband and wife use part of the building for doing their work as artisans, where the work does not constitute such a pretentious business as to blot out the character of the place as a residence and home, or to make the latter merely incidental to the former.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The main facts are stated in the opinion of the court.

The description of the premises given in the declaration of homestead in addition to the statement that the husband and wife were residing thereon, with their fam-

ily, was as follows: " Situated on Main street, of the village of Woodland, and being the western part of lot No. (5) five of said village as laid out by F. S. Freeman's division of said village, the same being thirty-seven feet front on Main street of said village of Woodland, and extending back with parallel lines one hundred and ninety feet deep, it being a part of the southeast quarter of section 21, in township No. 10, of range 2 east."

*Sawyer & Burnett,* for Appellants.

The evidence was insufficient to support the decision of the court that all this property was a homestead. It is the principal use to which the property is put, and not the quantity, which furnishes the test in determining the question whether or not the property is subject to dedication as a homestead. (*Laughlin* v. *Wright,* 63 Cal. 113; *Maloney* v. *Hefer,* 75 Cal. 424; 7 Am. St. Rep. 180.) A declaration without residence, or a residence without declaration, are alike ineffectual to constitute the homestead. (*Laughlin* v. *Wright,* 63 Cal. 116.) If only a part of the land described in the homestead declaration be actually used and appropriated as the home of the family, the remainder not so used and appropriated forms no part of the homestead claim, in the sense of the statute. (*Mann* v. *Rogers,* 35 Cal. 319; *Maloney* v. *Hefer,* 75 Cal. 424; 7 Am. St. Rep. 180; *Tiernan* v. *His Creditors,* 62 Cal. 289.) The description of the property was insufficient, as there is nothing to show the location of lot 5, and there might be many lots 5 in Woodland. (*Caldwell* v. *Center,* 30 Cal. 542; 89 Am. Dec. 131; *Brandon* v. *Leddy,* 67 Cal. 43; *Harrison* v. *Hahn,* 95 N. C. 28; *Perry* v. *Derwart,* 55 Md. 66; *Fuller* v. *Fellows,* 30 Ark. 657; *Blow* v. *Vaughn,* 105 N. C. 198; *Wilson* v. *Johnson,* 105 N. C. 211.)

*S. C. Denson,* for Respondent.

The premises in question constituted a homestead. The premises were primarily used as a residence, their use for business purposes being a mere incident, and,

therefore, they were subject to a homestead. (*Heath-man* v. *Holmes*, 94 Cal. 291; *Estate of Delaney*, 37 Cal. 176; *Gregg* v. *Bostwick*, 33 Cal. 228; 91 Am. Dec. 637; *Ham* v. *Santa Rosa Bank*, 62 Cal. 125; 45 Am. Rep. 654; *Tiernan* v. *His Creditors*, 62 Cal. 286; *Englebrecht* v. *Shade*, 47 Cal. 627; *Skinner* v. *Hall*, 69 Cal. 196; *Phelps* v. *Rooney*, 9 Wis. 70; 76 Am. Dec. 244; *Estate of Burdick*, 76 Cal. 639; *Estate of Walkerly*, 81 Cal. 579; *Oaks* v. *Oaks*, 94 Cal. 66; *Burkett* v. *Burkett*, 78 Cal. 310; 12 Am. St. Rep. 58; *Sheehy* v. *Miles*, 93 Cal. 288; *Gaylord* v. *Place*, 98 Cal. 472; *Ackley* v. *Chamberlain*, 16 Cal. 181-84; 76 Am. Dec. 516.) The description of the property claimed as a homestead by the declaration (folio 11) is sufficient. The description performs no other office than to designate what is intended to be claimed as included in the homestead, and need not be more particular than a deed of conveyance. (Civ. Code, sec. 1263; *Ornbaum* v. *His Creditors*, 61 Cal. 455.)

McFarland, J.—This is an appeal by heirs at law of the deceased from an order granting the petition of H. U. Ogburn, her surviving husband, that certain property be set apart to petitioner as a homestead, and from an order denying a new trial. Two points only are made by appellants which need to be noticed.

1. It is contended that the declaration of homestead offered in evidence was void, because it describes no property. This contention cannot be maintained. The declaration stated that the family then resided upon the lot and premises sought to be erected into a homestead; and this statement, together with the description which followed, clearly enough designated the premises *intended* to be claimed as such homestead. This was sufficient.

2. It is contended that the premises did not constitute a homestead, because they were partly occupied for business purposes.

Shortly after the marriage of petitioner and deceased, and when they were without means, his father, in 1866, bought a lot for them in Woodland for one hundred

and seventy dollars, which money they afterwards repaid. The lot was thirty-seven feet wide, and one hundred and ninety feet deep, fronting on Main street. They borrowed money and built on this lot a one-story house, thirty-seven feet wide by fifty feet deep. It was all one house; but a partition as high as the ceiling was run lengthwise through the building, dividing it into two nearly equal parts. Petitioner was a tinner, and one side of the house was used by him as a tinshop. The other half was used for ordinary family living purposes, and the wife also did millinery business there. A kitchen was afterwards built to the rear. The whole rear part of the lot was used as a backyard for flowers, shrubbery, drying clothes, stable, chicken-house, etc. The whole property was claimed as a homestead. There was no division of the building above the ceiling.

We do not think that the homestead character of the premises was destroyed, either in whole or in part, by the fact that the husband and wife thus used parts of the building for doing their work as artisans. This work which they did there did not constitute such a pretentious business as to blot out the character of the place as a residence and a home, or to make the latter merely incidental to the former. The case is within the rule of *Heathman* v. *Holmes*, 94 Cal. 291; *Ackley* v. *Chamberlain*, 16 Cal. 181; 76 Am. Dec. 516; *Skinner* v. *Hall*, 69 Cal. 195; *Lubbock* v. *McMann*, 82 Cal. 226; 16 Am. St. Rep. 108, and many other cases.

The judgment and order appealed from are affirmed.

Fitzgerald, J., and De Haven, J., concurred.