[L. A. No. 1193.    Department One.—February 17, 1904.]

## J. P. LIMA, Respondent, v. COUNTY BANK OF SAN LUIS OBISPO et al., Defendants; JOSE DE SOUZA BRAZIL, Appellant.

HOMESTEAD—PRIOR USE OF PROPERTY FOR BUSINESS—DISCONTINUANCE. —The prior use of property claimed as a homestead for a hotel and other business purposes does not affect the validity of the homestead where it appears that all business had been discontinued thereon before the homestead declaration was filed, and that the property was used at the time of the declaration solely as a residence and family home.

ID.—INSTRUCTION NOT PREJUDICIAL.—An instruction that "the use of a building partly, or even chiefly, for business purposes, or the renting of part of it, does not deprive the owner of his exemption of the building as a homestead, if the building is, and continues to be, the *bona fide* residence of the claimant and his family,"—conceding, without deciding, that it is erroneous cannot be prejudicial, where upon the undisputed fact the jury could return no verdict other than for the claimant of the homestead.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

W. H. Spencer, for Appellant.

The instruction given was erroneous. (*Laughlin* v. *Wright*, 63 Cal. 113; *McDowell* v. *His Creditors*, 103 Cal. 264;[1] *Beronio* v. *Ventura County Lumber Co.*, 129 Cal. 232.[2])

[1] 42 Am. St. Rep. 114.        [2] 79 Am. St. Rep. 118.

F. A. Dorn, and William Shipsey, for Respondent.

Where the business is not the principal object, and the residence is *bona fide,* the business does not vitiate the homestead, and the instruction, under the facts of this case, was not erroneous or harmful. (*Heathman* v. *Holmes,* 94 Cal. 291; *Estate of Ogburn,* 105 Cal. 95; *Ackley* v. *Chamberlain,* 16 Cal. 195;[1] *Skinner* v. *Hall,* 69 Cal. 195; *Lubock* v. *Mc-Mann,* 82 Cal. 226.[2])

GRAY, C.—This is an action to quiet title. A jury returned a general verdict in favor of plaintiff. The court adopted the verdict, and also found that all the allegations of the complaint were true. The defendant Brazil appeals from the judgment against him, and from an order denying his motion for a new trial.

The appellant claimed title to the premises in controversy by virtue of an execution sale and issuance to him of a sheriff's certificate of said sale. The plaintiff was, and had been for a long time prior to such sale, the owner and occupant of the property, and claimed title as against the execution sale by virtue of a declaration of homestead duly filed prior to the entry of judgment in the action in which the sale was had. The validity of the homestead is questioned by appellant. The sole contention in this behalf is, that the declaration did not impress the property with the character of a homestead because the same was used principally for hotel purposes. It appears from the evidence that the property in question is situated in the city of San Luis Obispo, at the southeasterly corner of Higuera and Nipoma streets, and fronts fifty feet on Higuera Street and one hundred and forty feet on Nipoma Street. On this lot there is a two-story wooden house, thirty-six by fifty feet, built in 1877. There are also a cowshed and other small outhouses on the lot. This place has been occupied as the residence and home of the plaintiff and his family since he married his wife and took her there in 1877; his children had all been born there, and his wife had died there. He had had no other home since 1877, and was living in that house with four of his children at the time the declaration was filed. He had previously used

---

[1] 76 Am. Dec. 518.　　　　　[2] 16 Am. St. Rep. 108.

the property for purposes additional to that of a residence. At one time he had a small grocery-store in one room of the house; at another time he had a saloon in another room; and for all the time previous, except perhaps from early in 1897 to December, 1899, he had kept a few lodgers and boarders in the house, and had run it as a hotel. In December, 1899, he had renewed this hotel business, but in May, 1900, before the declaration was filed, he had discontinued the hotel business entirely. On the seventeenth day of May, 1900, on which day the declaration of homestead was filed, the evidence, without conflict, shows that the place was occupied by the plaintiff and his family as a residence and home and that no other business of any kind was being carried on there. It is beyond question that the property was impressed with the character of a homestead by the filing of the declaration. (*Heathman* v. *Holmes,* 94 Cal. 291, and cases cited.)

Appellant complains of an instruction given by the court to the jury as follows: "The use of a building partly, or even chiefly, for business purposes, or the renting of a part of it, does not deprive the owner of the benefit of his exemption of the building as a homestead, if the building is and continues to be the *bona fide* residence of the claimant and his family," etc. Conceding, without deciding, that this instruction might be considered erroneous in a case where it was material, and also conceding, with the same qualification, that this is a case in which the parties were entitled to a jury trial as a matter of right, and that the jury should have received proper instructions, yet we are satisfied that the case should not be reversed on account of the said instruction. The evidence as to the use to which the property was devoted at the time of the filing of the homestead declaration was of such a character that it could be said as a matter of law that the declaration impressed the property with the character of a homestead; and it would not have been out of place, so far as that proposition was concerned, for the court to have advised the jury that their verdict should have been for the plaintiff. Had the verdict been other than it was, the court should have, and no doubt would have, set it aside as contrary to the undisputed evidence to the effect that plaintiff, with his family, was using the place as a home, and it was being used for no other pur-

pose at the date of·the declaration. The instruction, then, could not prejudice the defendant, because with it or without it the jury could return no verdict other than for the plaintiff. (*Green* v. *Ophir etc. Co.*, 45 Cal. 522; *Hughes* v. *Wheeler*, 76 Cal. 230; *In re Spencer*, 96 Cal. 443.)

.We advise that the judgment and order be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.