[S. F. No. 7068. Department One.—January 25, 1915.]

In the Matter of the Estate of ORSON L. PICKARD, Deceased.

PROBATE HOMESTEAD—APARTMENT HOUSE CONSTITUTING PLACE OF RESIDENCE MAY BE SET ASIDE.—Property belonging to the estate of a decedent, consisting of a lot with a single house thereon containing twelve residence apartments, one of which was occupied by him and his wife as their residence up to the time of his death, and in which she thereafter continued to reside, the other apartments, both prior to and after his death, being leased to various tenants, is of such character and suitability as to entitle it to be set apart as a probate homestead.

ID.—COMMUNITY PROPERTY—PRESUMPTION—SETTING ASIDE TO WIDOW IN FEE.—If the property set apart is community property, and it is presumed to be if acquired after marriage, the court may set it apart to the widow as a homestead, there being no surviving children.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting apart a homestead to the widow of a deceased person. Thomas F. Graham, Judge.

The property of the estate of the deceased that was set aside to his widow absolutely as a homestead was situated in the city and county of San Francisco, and consisted of a lot of land having a frontage of twenty-seven and one-half feet, on which there was erected a single three-story frame building containing twelve residence apartments of two or more rooms each. The deceased and his wife occupied one of such apartments as their residence up to the time of his death, and since then she had continued to reside there. The other apartments were leased to various tenants both prior to and after his death. The deceased left no children surviving him and died intestate. No homestead had ever been selected or recorded by either spouse during the lifetime of the deceased. The appeal from the order setting apart the homestead was taken by the heirs at law of the decedent. The further facts are stated in the opinion of the court.

Wilbur G. Zeigler, for Appellants.

Edward J. Lynch, for Respondent.

At the close of the argument Shaw, J., delivered the opinion of the court, Sloss, J., and Lawlor, J., concurring:

This is an appeal from an order setting apart a homestead to the widow of the decedent.

So far as the character of the property and its suitability for a homestead are concerned, the case cannot be distinguished from the cases of *Heathman* v. *Holmes,* 94 Cal. 291, [29 Pac. 404], *Estate of Levy,* 141 Cal. 646, [75 Pac. 317], and *McKay* v. *Gesford,* 163 Cal. 243, [Ann. Cas. 1913E, 1253, 41 L. R. A. (N. S.) 303, 124 Pac. 1016]. The decision of the lower court is sustained on that point on the authority of those cases.

In regard to the proposition that it is community property, that, of course, is a matter of evidence, the presumption being, to start with, that it was community property. Taking the evidence as a whole, there is enough to sustain the finding of the lower court that it was community property. That being the case, the court was justified in setting it apart in fee as a homestead.

The order is affirmed.