[Civ. No. 1861. Second Appellate District.—May 10, 1917.]

## STUART H. INGRAM, Respondent, v. JOHN T. SLAYTON, Appellant.

FORCIBLE ENTRY—FINDING—INSUFFICIENCY OF EVIDENCE.—In an action for forcible entry to recover the possession of a tract of land, a finding of the making of such an entry as is defined in section 1159 of the Code of Civil Procedure is not sustained, in the absence of any evidence of violence, offer of violence, or show of superior force attendant upon the entry of the defendant upon the land.

ID.—TITLE OF DEFENDANT—WHEN IMMATERIAL.—Where, in such an action it is shown that at the time of the defendant's entry the plaintiff was in the actual peaceable possession of the land, the question of the defendant's title is not material to recovery, for one who enters where actual possession has been acquired by another, may do so only in a peaceable way or under authority of a judgment of court, excepting where he enters under some form of permission given by the occupant.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Childers & Bruce, for Appellant.

. Herbert L. Iasigi, James E. Shelton, and Parker & Collier, for Respondent.

JAMES, J.—Plaintiff brought this action to recover possession of a certain tract of land in the county of Imperial, alleging that defendant had forcibly intruded upon his peaceable possession and "by force and by menacing the employees of plaintiff with a show of superior force entered thereon and in a forcible manner ejected plaintiff from the said land. . . . " The court entered judgment in favor of the plaintiff, from which this appeal is taken.

The main contention put forth by the appellant is that there is no evidence to sustain the finding of the court as to a forcible entry having been made, as such entry is defined in section 1159 of the Code of Civil Procedure. With this contention we must agree. The statement of the testimony heard is exceedingly meager; but in view of the fact that it was settled as correct by the trial judge, we must assume that it shows all the material evidence received in support of the issue made by the complaint. (*Richardson* v. *City of Eureka,* 96 Cal. 443, [31 Pac. 458].) Counsel for respondent, outside of the record, suggest that the statement was prepared wholly by the appellant, and that it was served and offered for settlement just prior to an earthquake having occurred in Imperial County, and that presumably for that cause the counsel resident in that county, being other than the counsel who appear here, neglected to have the record show a complete statement of the testimony. Respondent is not entitled to have any consideration given to that suggestion. The bill of exceptions presents in abstract form the testimony of the plaintiff and the defendant. The plaintiff testified that he had been in possession of the tract of land, which was raw and brush-covered before he started to work upon it, since the 30th of September, 1912; that he had had several teams at work on the land, off and on, up to the 22d of December, 1913, and that some of the land had been leveled and cleared; that he had an employee on the land on the 22d of December, 1913, but that he (the plaintiff) was at that time in the state of

Nevada; that when he returned—the time is not stated—he found the defendant on the land with between seven and eleven teams which were at work. He testified that he had not fenced the land nor watered it, nor cropped it; that when he first went upon the ground he put a stake at each corner, with a notice stating that he was making a claim to the property, and that when he put up these notices he found other notices, partially obliterated, already posted. Defendant testified that he had known the land since October, 1906, and on the 24th of December, 1909, he did some scraper work upon it and put up notices at each corner stating that he was the successful contestant and had acquired a thirty days' prior right of entry to the land; that he plowed a furrow around the entire tract at that time in order to establish possession and show the public what his claim was; that he had never abandoned the land; that the first time he knew that plaintiff was on the land was in the latter part of October, 1912, and that in November, 1912, he had informed the plaintiff that he (the defendant) had a prior right of entry, won by a successful contest, and that he would assert his right when the land was restored to entry; to which the plaintiff had replied that he would follow the advice of his attorneys, and that he knew that the land was claimed by the defendant, but thought that he had abandoned it. Defendant further testified that in December he went upon the land and found a man by the name of Jones there. He then testified as follows: ''He [Jones] was not doing anything when I went there, but he came out where I was working and asked if I had the consent of Ingram to work there. He then asked me to tell him to get off the land and not to work there. He said Mr. Ingram owed him and he wanted to get his pay and get away. He said that he would tell Mr. Ingram that I just gave him hell. I told him not to tell Mr. Ingram anything of the kind, as I did not want him to carry any such news as that from me. I did not make any threats or exercise any force at all against Mr. Jones whatever. I asked Mr. Jones to eat dinner with us and he did not show any evidence of being afraid of me.'' Defendant offered to prove by an exemplified copy of a record of the United States land office that the Secretary of the Interior, upon a contest between the defendant and a third party, had rendered a decision stating that the land would be restored to entry, and that the defendant would be given

thirty days after notice of such restoration during which time he would have a preference right to make entry on the land. Objection was made to this testimony and the offer was refused. It was not shown that the land had ever been restored to entry. It thus appears that there was no proof of any violence, offer of violence, or show of superior force attendant upon the entry of the defendant upon the land. The testimony shows that the plaintiff's possession was more than a scrambling possession; in fact, that he at the time of the defendant's entry had actual peaceable possession of the ground. However, the plaintiff could not succeed in the action unless he established the facts alleged. The proof was wanting to show any circumstances such as those set forth in the complaint and relied upon by the plaintiff. As to the proof required in such a case, we cite, in addition to the section of the code noted, section 1172 of the Code of Civil Procedure. (*Castro* v. *Tewksbury*, 69 Cal. 562, [11 Pac. 339].)

The additional point is made that the defendant was entitled to have received the documentary evidence offered showing the action of the Land Department taken with respect to the contest formerly decided. He says that he was entitled to make this proof to show the nature of his possession and to show a color of right. From the evidence as stated, it is clear that at the time of the entry by the defendant the plaintiff was in actual possession of the land, and no showing of constructive possession could avail the defendant as against the plaintiff on that issue. It is generally held under such facts that the question of the entryman's title is not material to a recovery by his adversary, for one who enters where actual possession has been acquired by another, may do so only in a peaceable way or under authority of a judgment of court, excepting, of course, where he enters under some form of permission given him by the occupant. (*Carteri* v. *Roberts*, 140 Cal. 164, [73 Pac. 818].) We think the last contention of appellant is without merit.

The judgment is reversed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.