[Civ. No. 7459. Second Appellate District, Division One.—November 28, 1930.]

BARBARA DAVIS, Appellant, v. C. W. LOCKWOOD et al., Respondents.

Caesar A. Roberts for Appellant.

Charles P. Johnson for Respondents.

HOUSER, J.—The purpose of the action in the lower court was to set aside and to subject to the lien of a judgment theretofore rendered in another action brought by plaintiff against defendants a homestead which, preceding the date of the entry of the said judgment, had been declared by one of the defendants on two town lots, each of which was contiguous to the other and upon one of which lots both of the defendants resided. The size of each of the lots was approximately 42 by 133 feet. The action was predicated upon the asserted ground that the lot other than

the one upon which the dwelling of defendants was located could not properly be regarded as a part of the legal homestead of defendants for the reason that it was not used or occupied by them. Judgment was rendered in favor of defendants, and plaintiff appeals therefrom.

On the trial of the action, among other things, the evidence included testimony given by one of the defendants to the effect that for "at least ten years" next preceding the date when the homestead was placed on the two lots, the so-called vacant lot in question had been used by defendants "for a chicken yard and garden", and that it had "fruit trees on it", which consisted of an orange, a lemon, a walnut and a fig tree. Another witness testified that for "seven years that I know of . . . Mrs. Lockwood has a chicken yard on the back end of it, and every summer, every year, she has a garden there; and in the summer when she is not working she cleans that yard up, cut down all the weeds and cleans it all up. And she has some fruit trees on it, and the trail from her house on that side is pretty well over in that lot."

The cases of *Englebrecht* v. *Shade,* 47 Cal. 627, *Arendt* v. *Mace,* 76 Cal. 315 [9 Am. St. Rep. 207, 18 Pac. 376], *In re Allen,* 2 Cal. Unrep. 835 [16 Pac. 319], and *Skinner* v. *Hall,* 69 Cal. 195 [10 Pac. 406], are authorities which in principle clearly sustain the ruling of the trial court as to the sufficiency of the evidence herein upon which to rest the judgment.

No other point being seriously presented by appellant, it is ordered that the judgment be and it is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 16, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 26, 1931.