[Civ. No. 9232.   First Appellate District, Division One.—December 11, 1934.]

ANGELO VINCENZINI, Appellant, v. GIUSEPPE FIO-RENTINI, Respondent.

J. W. Coleberd and H. W. Call for Appellant.

Hankins & Hankins for Respondent.

THE COURT.—This is an appeal from an order discharging an attachment on portions of three lots title to which stands of record in the name of Rosa Fiorentini, the wife of defendant. The action was brought against the latter to recover rent due and unpaid under a lease. Attachments issued and were levied on the lots mentioned. Previous to the filing of the action said Rosa Fiorentini filed a homestead on the property in which she alleged the same to be her separate property. The declaration further alleged that she and her husband and their two children were actually residing thereon, and that the improvements on the property consisted of a "one-story and basement residence and outbuildings", the total cash value of which was $4,000.

The grounds of the motion for the discharge of the attachments were that the property was exempt from execution and that the levy thereof cast a cloud on the title. A counteraffidavit filed by plaintiff alleged that at the time of the filing of the homestead declaration and at all times thereafter there were two dwelling-houses on the property, one occupied by declarant and the defendant and the other occupied by tenants of the declarant and the defendant. At the hearing testimony supporting and opposing the motion was offered, and at the conclusion thereof the court determined that all the property described in the declaration was exempt and made its order accordingly.

It is undisputed that in 1918 the declarant and her husband erected a 4-room dwelling on the property. Its dimensions are 22 by 24 feet. In 1924 declarant erected a smaller

structure by the side of the existing dwelling to be used by one Herrera, who was affianced to declarant's daughter, it being intended that it should be occupied by the daughter and her husband as their home. It abuts on the original dwelling, the north wall of which serves as the south wall of the new building. The dimensions of the latter structure are 20 by 24 feet and its lean-to roof projects from the side of the old building. The floor of the new structure is about two feet lower than that of the latter, and there is no connecting door between the two although one chimney is used for both. A concrete walk leads from the street to a point about ten feet from the two structures; it then divides and terminates at the front entrance of each. To the north are certain outbuildings used as garage, storeroom and chicken house by declarant and her family and by the occupants of the later structure. Herrera occupied this for a year before he married declarant's daughter. At a later period while he and his wife were absent the same was occupied by others, who paid rent therefor to declarant. Still later Herrera and his wife returned and took and still hold possession as tenants at will. The two portions of the enlarged building have separate gas and electric service, and it also appears that the larger portion of the surrounding premises was at all times used as a garden, and there are fruit trees planted along the concrete walk.

It has been held that where two separate houses stand upon the real property sought to be impressed with a homestead, only one of which is occupied as a dwelling by the claimant, the other being rented to tenants, an attempt to dedicate both as a homestead is inoperative. (*Tiernan* v. *His Creditors*, 62 Cal. 286; *Maloney* v. *Hefer*, 75 Cal. 422 [17 Pac. 539, 7 Am. St. Rep. 180]; *In re Ligget*, 117 Cal. 352 [49 Pac. 211, 59 Am. St. Rep. 190].) However, if there be but one building a portion of which is used *bona fide* as a family residence, the fact that other portions are rented to tenants does not impair the right to select the structure and the land on which it is situated as a homestead. (*Ackley* v. *Chamberlain*, 16 Cal. 181 [76 Am. Dec. 516]; *Heathman* v. *Holmes*, 94 Cal. 291 [29 Pac. 404]; *Skinner* v. *Hall*, 69 Cal. 195 [10 Pac. 406]; *Estate of Ogburn*, 105 Cal. 95 [38 Pac. 498]; *McKay* v. *Gesford*, 163

Cal. 243 [124 Pac. 1016, Ann. Cas. 1913E, 1253, 41 L. R. A. (N. S.) 303]; *Schmidt* v. *Denning,* 117 Cal. App. 36 [3 Pac. (2d) 322]; *Estate of Levy,* 141 Cal. 646 [75 Pac. 301, 99 Am. St. Rep. 92].)  ▌ It has also been held that the land on which the dwelling is situated may within the meaning of the statute include a garden, a chicken yard or an orchard (*Arendt* v. *Mace,* 75 Cal. 315 [18 Pac. 376, 9 Am. St. Rep. 207]; *Davis* v. *Lockwood,* 110 Cal. App. 114 [293 Pac. 631]), together with outbuildings of any kind convenient or necessary for family use (*Gregg* v. *Bostwick,* 33 Cal. 220 [91 Am. Dec. 637]), and the status of the land as a part of the homestead is not affected by the mere fact that it may be intersected by highways, streets or ·alleys. (13 Cal. Jur., Homesteads, sec. 37, p. 464.) Also in *Estate of Levy, supra,* it was decided that a building consisting of flats suitable for residential purposes, in one of which the owners are residing, is a proper subject out of which to carve a homestead. As was said in *In re Allen,* 2 Cal. Unrep. 835 [16 Pac. 319], each case must depend in a great measure upon its own circumstances.  ▌ Here the evidence fairly shows that the new structure was no more than an addition to the original dwelling, and that the primary object of its erection was to provide accommodation for the claimant's daughter and her husband who, with the exception of a period during which they were absent from the county, occupied it apparently as tenants at will without obligation with respect to the payment of rent. It may be added that they were occupying it as such tenants at the time the declaration of homestead was filed. That during their absence this portion of the structure was rented to others by the claimant is not under the above decisions material.  (See, also, *Lima* v. *County Bank of San Luis Obispo,* 142 Cal. 245 [75 Pac. 846].)

▌ The homestead statute is a remedial measure and should be liberally construed (*Heathman* v. *Holmes, supra; McKay* v. *Gesford, supra*); and in proceedings involving the validity of a homestead findings will not be disturbed if there is any evidence to support them or a conflict in the evidence. (12 Cal. Jur., Homesteads, sec. 138, p. 564.)

The evidence fairly supports the implied conclusion of the trial court that the improved structure constituted essentially but one building, and the order is accordingly affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 7, 1935.