[No. 11635.   Department One. — October 25, 1887.]

# IN THE MATTER OF THE ESTATE OF JOEL NOAH, DECEASED.

ESTATE OF DECEDENT — HOMESTEAD — ORDER REFUSING TO SET APART — FAILURE TO MAKE FINDINGS — APPEAL — BILL OF EXCEPTIONS. — An order refusing to set apart to a widow a homestead out of the separate property of her deceased husband will not be reversed on account of the failure of the court to find upon the issues made by the pleadings, when the bill of exceptions on which the appeal is taken fails to show that findings were not waived.

ID. — PROPERTY SUBJECT TO HOMESTEAD — SEPARATE PROPERTY OF DECEASED. — Under section 1465 of the Code of Civil Procedure, if no homestead has been selected during the lifetime of a deceased husband, the court, pending the settlement of his estate, cannot set apart to his surviving wife as a homestead a portion of his separate property which could not have been selected as a homestead during the continuance of their marriage.

ID. — BUSINESS PROPERTY — INABILITY TO DIVIDE WITHOUT INJURY. — Under that section, a homestead cannot be set apart to the surviving wife out of separate real property of her deceased husband, on which a four-story building of the value of twenty-five thousand dollars has been erected and used exclusively for business purposes, when the property cannot be divided without material injury.

ID. — MONEY IN LIEU OF HOMESTEAD. — Where there is not property belonging to the estate of the deceased husband out of which a homestead can be set apart to the surviving wife, the court has no power to order that a sum of money be paid her in lieu of the homestead.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to set apart a homestead.

The facts are stated in the opinion of the court.

*Henry E. Highton,* for Appellant.

*Pillsbury & Blanding, Horace G. Platt, E. N. Deuprey,* and *William Loewy,* for Respondents.

McKINSTRY, J. — Deceased left a will wherein no provision was made for his widow, Harriet T. Noah, the appellant. The will was duly probated September 28, 1883, and on the sixth day of August, 1884, appellant

petitioned the Superior Court for an order setting apart a homestead out of the real property of the. estate, "or for such other or different order as may be just and proper in the premises." There was no community property, and the only separate real property of the deceased at the time of his death was a certain lot in San Francisco, covered entirely or partially by a brick building four stories high, and which was and had been used exclusively for business purposes.

The answer of the executors to the petition of the widow, beside the facts above mentioned, set forth the matters averred in the answer to the application of the widow for an allowance, as contained in the transcript in *The Matter of the Estate of Joel Noah, ante*, p. 583. It is averred in the petition for *homestead* that the property above described "cannot be divided without material injury."

In the view we take, it is unnecessary to inquire what might have been the legal effect of the post-nuptial contract given in evidence, had there been any property out of which a homestead could have been carved, or whether the court below erred in overruling the objection to the introduction of that contract in evidence.

Appellant contends the order of the court below refusing to set apart a homestead should be reversed, because the court did not find upon the issues made by the pleadings. But if the findings were proper, the bill of exceptions fails to show that they were not waived.

Section 1465 of the Code of Civil Procedure provides, if no homestead (as was the case here) has been selected, designated, and recorded during the lifetime of the deceased, "the court must select, designate, and set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife, and the minor children, . . . . . out of the common property, or if there be no common property, then out of the real estate belonging to the deceased."

The sections of the code relating to homesteads to be set apart by the court—probate homesteads—do not define the word "homestead."

It may be conceded that the real property set apart as a homestead to the surviving husband or wife, by order of the court, need not be actually occupied at the time when the order is made. But it would seem that it must be property which could have been selected as a homestead during the continuance of the marriage. Mr. Justice Rhodes, speaking for the Supreme Court, said that there was nothing in the homestead act as it existed in 1866 "which tended to the conclusion that any property could be set apart as a homestead by the Probate Court which might not have been dedicated as a homestead under the homestead act immediately preceding the death of the deceased." (*Kingsley* v. *Kingsley*, 39 Cal. 666.) So far as they bear upon the question we are considering, we find no substantial variance between the provisions of the codes and those of the homstead act referred to in *Kingsley* v. *Kingsley.*

It would be doing violence to the plain intent of the statute to attempt to set apart as a homestead a lot and four-storied brick building of the value of twenty-five thousand dollars, the building having been erected and occupied exclusively for business purposes, when, as averred in the petition here, "the property could not be divided without material injury."

The homestead consists of a dwelling-house in which the claimant resides, and the land on which the same is situated. (Civ. Code, sec. 1237.) The property spoken of in the petition was dedicated to business purposes, and the owner could not have converted an undivided portion of it into a homestead by living in some of the rooms and filing a declaration.

The Probate Court may, in a proper case, set apart a homestead, the value whereof — that is, the value of the land and dwelling-house — does not exceed five thousand

dollars. The law does not authorize the court to set apart five thousand dollars' worth of property, or five thousand dollars' worth of land on which a dwelling-house may subsequently be erected. This is the more apparent with reference to setting apart as a homestead, for the use of the survivor, separate real property of the deceased " for a limited period." (Code Civ. Proc., sec. 1468.)

The Superior Court would be justified in refusing to set apart land as a homestead, unless it were made to appear that there was thereon an edifice which could be used as a dwelling-house. Where the survivor seeks to have set apart a portion of a large building, " and the land on which the same is situated," it should at least be made to appear affirmatively that partition of the land and building was practicable. Here it only appeared to the court below that the property was the separate property of the deceased; that it was of the value of twenty-five thousand dollars; that the building was of brick, four stories high; that it had been rented to divers persons, who carried on various kinds of business therein; and that the property could not be divided without material injury.

It is urged by appellant that the court below should have ordered the land and improvements sold, and that five thousand dollars of the proceeds be paid to her in lieu of a homestead.

It is difficult to see why, if she was not entitled to a homestead, she should have money as a substitute for a homestead. But there is no provision of the codes which authorizes such an order, and by strong implication such an order is prohibited. When a homestead, selected in the lifetime of the deceased is inventoried at more than five thousand dollars, and a homestead of five thousand dollars cannot be carved out of it, the court may order a sale of the homestead as selected, and distribute to the surviving wife five thousand dollars of the

proceeds. (Code Civ. Proc., sec. 1476.) Here no homestead was selected during the lifetime of the decedent.

Moreover, the appellant sought to have set apart to her a homestead out of the *separate property* of deceased. In such cases the court can only set apart a homestead " for a limited period, to be designated in the order, and the title vests in the heirs of the deceased, subject to such order." (Code Civ. Proc., sec. 1468.) How was the court to estimate the cash value of the use as a homestead, for a period never fixed by order, of part of property, undivided and inseparable? There certainly is no statutory provision authorizing the court to substitute five thousand dollars in money for the temporary use of property as a homestead.

TEMPLE, J., and PATERSON, J., concurred.