[No. 18227. In Bank.—June 26, 1894.]

## J. E. McDOWELL, Appellant, v. HIS CREDITORS, Respondents.

Insolvent Debtor—Homestead—Hotel Property.—An insolvent debtor is not entitled to have a homestead set apart to him when the property sought to be set apart is primarily and chiefly used as a hotel for the accommodation of the public.

Appeal by an insolvent debtor from an order of the Superior Court of Siskiyou County refusing to set apart to him certain real property as a homestead.

The facts are stated in the opinion.

*Warren & Taylor*, and *T. M. Osmont*, for Appellant.

The right to a homestead having attached, it was immaterial to what uses the property was subjected, if it was in fact used by petitioner as a home. (*Jacoby* v. *Parkland Distilling Co.*, 41 Minn. 227; *Hoffman* v. *Hill*, 47 Kan. 611; *King* v. *Welborn*, 83 Mich. 195; *Cass County Bank* v. *Weber*, 83 Iowa, 63; 32 Am. St. Rep. 288; *Brown* v. *Brown*, 68 Mo. 388; *Klenk* v. *Knoble*, 37 Ark. 298;

*Colbert* v. *Henley*, 64 Miss. 374; *Rush* v. *Gordon*, 38 Kan. 535; *Bebb* v. *Crowe*, 39 Kan. 342; *Locke* v. *Rowell*, 47 N. H. 46; *Ackley* v. *Chamberlain*, 16 Cal. 181; 76 Am. Dec. 516; *Skinner* v. *Hall*, 69 Cal. 195; *Lubbock* v. *McMann*, 82 Cal. 226; 16 Am. St. Rep. 108.)  The question as to how much, or how little, of the property was used for other purposes is immaterial, so long as it was in fact the *bona fide* home of petitioner.  (*Heathman* v. *Holmes*, 94 Cal. 291.)  A hotel property is the proper subject of a homestead if any part of it is occupied as a residence for the family.  (*Gainus* v. *Cannon*, 42 Ark. 503; *Lazell* v. *Lazell*, 8 Allen, 575; *Harriman* v. *Queen Ins. Co.*, 49 Wis. 71; *King* v. *Welborn*, 83 Mich. 195 *Cass County Bank* v. *Weber*, 83 Iowa, 63; 32 Am. St. Rep. 288; *Lamont* v. *Le Fevre*, 96 Mich. 175; *Mills* v. *Hobbs*, 76 Mich. 122.)

*L. F. Coburn*, for Respondent.

A building used primarily as a place of business cannot be the subject of a homestead, even though used incidentally as a place of business of the family.  (*Estate of Delaney*, 37 Cal. 179; *Reinback* v. *Walter*, 27 Ill. 393; *In re Noah*, 73 Cal. 592; 2 Am. St. Rep. 834; *Maloney* v. *Hefer*, 75 Cal. 424; 7 Am. St. Rep. 180.)  When the property is primarily and chiefly used as a hotel it is not the subject of a homestead, although the owner may reside thereon with his family for the purpose of carrying on the business.  (*Laughlin* v. *Wright*, 63 Cal. 113.)

The Court.—Upon further consideration of this cause in Bank we are satisfied with the conclusion reached by Department One in its opinion filed March 2, 1894, and, for the reasons stated in said opinion, the judgment and order appealed from are affirmed.

The following is the opinion of Department One above referred to:

Belcher, C.—This is an appeal by J. E. McDowell, an insolvent debtor, from an order refusing to set apart to him certain real property as a homestead.

The appellant was adjudged to be an insolvent debtor on the twenty-first day of January, 1893, by the superior court of Siskiyou county. At that time he was the owner of the property in question, which consisted of certain land and the building thereon in the town of Sissons. Ten days later he filed a petition asking to have the property set apart to him as a homestead. The application was opposed by some of his creditors, and, after a hearing, was denied by the court.

The findings of the court were, in substance, as follows: During the year 1886 appellant was engaged in conducting a hotel and boarding-house at McCloud, and, in the spring of 1887, at the request of friends, he erected the said building at Sissons, for the special purpose of boarding and lodging railroad men and the public generally. As first constructed, the building consisted of a bar-room, office, dining-room, and eight sleeping-rooms, but during the year it was enlarged somewhat. A large sign was placed upon it designating it as the "El Monte Hotel," and by that name it was advertised in the newspapers and by cards. From the time of its completion in the spring of 1887 until June 12, 1890, appellant used the said building primarily as a hotel. For the purpose of conducting the same as a hotel he employed chambermaids, cooks, and waiters, and his wife superintended the chamber-work and dining-room, and he had general supervision, and conducted a bar in the house. His wife died in August, 1889, at the city of Los Angeles, leaving a female child, who was subsequently taken to Sissons and kept in the "El Monte" for about two months and then returned to Los Angeles. On November 20, 1889, appellant made and filed for record a declaration of homestead upon the said premises, and the same was duly recorded in the office of the county recorder. On June 12, 1890, appellant leased the whole of the said premises as a hotel for the term of one year, and did not in the lease reserve any portion thereof for his own use.

The court further found: "That said hotel, ever since

its construction in 1887, has been used primarily as a hotel, and not as a home of the said James E. McDowell."

"That the residence of said James E. McDowell therein has been for the purpose of managing and conducting the business of a hotel, and for no other purpose"; and, as conclusions of law, "that the said James E. McDowell, at the time he filed for record his aforesaid declaration of homestead, was not entitled, under the law, to file said declaration upon said real estate," and "that he is not now entitled to have the said property set apart to him as a homestead."

The only specifications found in the bill of exceptions, and the only grounds urged for a reversal of the order, are that the last two findings which we have quoted were not justified by the evidence, and that the conclusions of law were not supported by the facts found.

It is objected for respondents that the findings not assailed are sufficient to uphold the order appealed from; but waiving that point, the order cannot, in our opinion, be disturbed upon either of the grounds urged for its reversal.

The evidence clearly tended to show that the building was constructed to be used, and that from the time of its construction it was used, primarily and principally, as a hotel for the accommodation of the public. And it was being so used by appellant at the time he filed his declaration of homestead.

This being so, the case is plainly within the rule declared in *Laughlin* v. *Wright,* 63 Cal. 113. In that case it was said: "The *use* of the property is an important element to be considered"; and it was held that when the property is primarily and chiefly used as a hotel for the accommodation of the public it would be doing violence to the statute to regard it as a homestead, although the owner may reside there with his family for the purpose of carrying on the business.

What was said in that case upon this subject was not *obiter dictum,* and the decision has never been overruled. In *Heathman* v. *Holmes,* 94 Cal. 296, the case is referred

to, and distinguished from the one then under consideration, but the correctness of the decision is not questioned when limited to the facts involved in it.

Upon the authority of *Laughlin* v. *Wright*, 63 Cal. 113, the order appealed from here should be affirmed.

TEMPLE, C., and HAYNES, C., concurred.