[S. F. No. 281.   Department One.—March 10, 1896.]

ELIZABETH BEATON ET AL., RESPONDENTS, v. J. S. REID ET AL., APPELLANTS.

HOMESTEAD—EXEMPTION FROM EXECUTION—JUSTICE'S JUDGMENT PRIOR TO DECLARATION—LIEN—LEVY OF EXECUTION.—The homestead is exempt from execution or forced sale, under a judgment obtained in a justice's court prior to the declaration of homestead, where such judgment was not made a lien upon the land by the filing of an abstract thereof in the office of the county recorder; and the levy of an execution under the judgment prior to the declaration will not entitle the judgment creditor to sell the homestead under the execution.

ID.—LIENS OF JUDGMENT AND EXECUTION DISTINGUISHED.—The lien of the levy of execution is not that of the judgment, and it neither creates a judgment lien, nor extends a judgment lien once created.

ID.—CONSTRUCTION OF HOMESTEAD ACT.—The statute providing for and protecting the homestead right is to be construed strongly in favor of its protection, and the right of a creditor to take the homestead on forced sale will be strictly limited to the instances specified in the statute.

APPEAL from a judgment of the Superior Court of San Mateo County.   GEORGE H. BUCK, Judge.

The facts are stated in the opinion of the court.

*Charles Wesley Reed*, for Appellants.

The rights of the parties are fixed at the time of the levy, and no subsequent act of the debtor can change them. (Code Civ. Proc., secs. 671, 889, 899, 1505; *Ingels* v. *Ingels*, 50 Kan. 755; *Frink* v. *Roe*, 70 Cal. 296; Freeman on Executions, sec. 282; *Tillar* v. *Bass*, 57 Ark. 179; *Reynolds* v. *Tenant*, 51 Ark. 85; *Vermont Marble Co.*

v. *Superior Court*, 99 Cal. 579; *Estate of McCauley*, 50 Cal. 546; *Hill* v. *Kessler*, 63 N. C. 437; *McKeithan* v. *Terry*, 64 N. C. 26.)

*J. C. Bates*, for Respondents.

There was no judgment lien. (Code Civ. Proc., secs. 671, 889, 900; *Wilson* v. *Madison*, 58 Cal. 2; *McCracken* v. *Harris*, 54 Cal. 81, cited in *Barrett* v. *Sims*, 59 Cal. 619, *Sullivan* v. *Hendrickson*, 54 Cal. 259, and *Fitzell* v. *Leaky*, 72 Cal. 484; *Waggle* v. *Worthy*, 74 Cal. 266; 5 Am. St. Rep. 440.) An execution does not create a judgment lien, nor does it extend a judgment lien once created. (*Bagley* v. *Ward*, 37 Cal. 122; 99 Am. Dec. 256; *Rogers* v. *Druffel*, 46 Cal. 654; *Eby* v. *Foster*, 61 Cal. 287; *Sanders* v. *Russell*, 86 Cal. 121; 21 Am. St. Rep. 26; *Riley* v. *Nance*, 97 Cal. 204.)

VAN FLEET, J.—Execution, based upon a judgment recovered by the appellant, Reid, in the justice's court of the city and county of San Francisco, against the respondent, Elizabeth Beaton, and which had been docketed in the superior court judgment docket of said city and county, was issued by the clerk of said city and county to the sheriff of San Mateo county, and by the latter levied upon the premises in dispute, situate in the latter county, on October 18, 1894, and notice of sale under said execution given.

Subsequent to said levy, but before the sale, on October 26, 1894, the judgment debtor declared a homestead on the premises in due and proper form, and subsequently thereto brought this action to enjoin the sale.

The sole question presented is whether the levy of the execution and the lien created thereby prevented the premises from being impressed with the character of a homestead to an extent to defeat such sale, it being conceded that the judgment itself did not constitute a lien thereon.

The instances and extent in which and to which a homestead is liable to be subjected to the demands of

creditors of the homestead claimant are clearly and explicitly provided in the Civil Code:

"SEC. 1240. The homestead is exempt from execution or forced sale, except as in this title provided.

"SEC. 1241. The homestead is subject to execution or forced sale in satisfaction of judgments obtained: 1. Before the declaration of homestead was filed for record, *and which constitute liens upon the premises.*"

These provisions would seem to exclude by their terms the right to enforce the judgment in question against the homestead, unless the levy of the execution had the effect, as contended by appellant, to constitute the judgment, which was not otherwise such, a lien upon the premises. But it had not such effect. The lien of the execution is not that of the judgment; the execution neither creates a judgment lien nor extends a judgment lien once created. (*Bagley* v. *Ward,* 37 Cal. 122; 99 Am. Dec. 256; *Rogers* v. *Druffel,* 46 Cal. 654; *Eby* v. *Foster,* 61 Cal. 282.)

There is but one mode of constituting a justice's judgment a lien upon the lands of the judgment debtor, and that is the filing of an abstract thereof in the office of the recorder of the county in which the land is situated. (Code Civ. Proc., sec. 900.)

But it is claimed that the levy of the execution vested appellant with a right to its satisfaction out of the land which was not subject to be defeated by a subsequently acquired homestead therein. We see no distinction in principle as to the mere effect, in this regard, between an execution lien and the lien of an attachment. They both subserve a like purpose, the one to hold the property until judgment, and the other until the sale; and it has been repeatedly held that an attachment lien is defeated by the intervention of a homestead right subsequently acquired. (*Wilson* v. *Madison,* 58 Cal. 1; *McCracken* v. *Harris,* 54 Cal. 81; *Sullivan* v. *Hendrickson,* 54 Cal. 258.)

These cases proceed upon the principle that the statute providing for and protecting the homestead right is

to be construed strongly in favor of its protection; that the statute has provided the instances in which the homestead may be taken on forced sale, and the right to so take it will be strictly limited to those instances. And this would seem to accord with the purpose and intention of the legislature, as it completes the title of the code upon the subject by declaring that "*in no case shall it be held liable for the debts of the owner, except as provided in this title.*" (Code Civ. Proc., sec. 1265.)

The subject of homesteads is one wholly committed by the constitution to the legislature, with simply the general mandate that the latter shall protect it by law *from forced sale.* (Const., art. XVII.) The extent of the right, therefore, and the mode of its protection, with the limitation of the rights of creditors therein, are purely matters of legislative prescription, and something with which we have nothing to do but to construe and apply. As aptly suggested in *Fitzell* v. *Leaky*, 72 Cal. 477, 483, "With the policy of the law, or the abstract morality of a particular transaction, we have nothing to do. The doctrine bearing upon conveyances made to hinder, delay, or defraud creditors has no application to the creation of a homestead. If any doubt remained as to the intention of the legislature, it ought to be set at rest by the language of sections 1240 and 1241 of the Civil Code, which, after declaring generally that the homestead is exempt, enumerates as an exception that it is subject to sale in satisfaction of judgments obtained before the declaration of homestead was filed, '*and which constitute liens upon the premises.*'"

From these considerations we are satisfied that the levy of the execution in question did not have the effect to prevent the premises from being impressed with the homestead character at any time before the sale; and that the lien of the execution not being one of those specified in the Civil Code for which the homestead can be taken, the judgment of the court below enjoining the sale and the execution of a deed thereunder was right and should be affirmed.

It is so ordered.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.