[Civ. No. 7994. First Appellate District, Division Two.—September 23, 1931.]

WILLIAM SCHMIDT et al., Respondents, v. C. E. DENNING et al., Appellants.

Porter & Sutton for Appellants.

Porter C. Blackburn and Marion P. Betty for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendants to obtain a decree setting aside a purported homestead. From a judgment in favor of the plaintiffs the defendants have appealed.

To understand the points made by the respective parties it is necessary to briefly state chronologically the facts of the case. On April 24, 1924, the defendants owned the lot and the building thereon on which the declaration of homestead was subsequently filed. The property is designated by numbers 1314–1316–1318 and 1320 Colton Street, Los Angeles. On the same date the plaintiffs owned a lot in Contra Costa County situated near the city of Oakland. The plaintiffs and defendants executed a contract of exchange. The plaintiffs conveyed to the defendants their lot and defendants conveyed to the plaintiffs their lot in Los Angeles. As a part of the consideration the plaintiffs executed to the defendants a mortgage in the sum of $4,000 and they also executed a deed of trust to secure a promissory note in the further sum of $4,500. On June 18, 1925, the plaintiffs commenced action No. 164,203, Los Angeles Records, against the defendants. At the same time they caused to be recorded a *lis pendens*. That action sounded in deceit and in their prayer the plaintiffs asked for damages.

After the plaintiffs commenced said action they stopped making payments on their notes which were secured by the mortgage and deed of trust. Soon after some of the defaults arose the defendants caused the property described in the deed of trust to be sold under the terms of that instrument. At the sale the defendants bought it and then they commenced an action in ejectment, action No. 188,230, Los Angeles records. In due time judgment was entered in favor of these defendants and they were put in possession. So far as the record discloses no appeal was taken from that judgment. After these defendants were let into possession they filed, on May 18, 1927, a declaration of homestead. On its face it was regular in all respects. It is the homestead that these plaintiffs commenced this action to have set aside.

Action No. 164,203 later came on for trial and decision. On June 2, 1927, a judgment for $8,500 was rendered in favor of these plaintiffs against these defendants. The record does not show that an appeal was taken. Neither does it show that an execution was taken out, nor that any proceedings were had under section 1245 et seq. of the Civil Code.

However, on July 25, 1927, the plaintiffs commenced this action No. 229,908, Los Angeles Records, to have the above-mentioned declaration of homestead set aside. The complaint was amended several times. It pleaded two separate counts. In the first count the plaintiffs pleaded the same false representations which they had pleaded in action No. 164,203. They did not plead any other acts of fraud and, in particular, they did not plead any such acts of and concerning the framing or recording of the said declaration of homestead. However they did plead that the defendants were insolvent and there was at least an attempt to allege that these defendants had executed the declaration of homestead for the purpose of delaying and defrauding their creditors. In the second count the plaintiffs pleaded facts showing or tending to show that the property described in the declaration of homestead consisted of a lot with one building thereon; that the building was so constructed as to make four flats—two upstairs and two downstairs, and that each flat had a separate entrance and a separate number. In their answer the defendants inserted three defenses. They interposed denials of nearly every allegation contained in the first count of the plaintiffs' amended complaint. They alleged that they were *bona fide* purchasers. They also interposed denials as to each allegation contained in the second count of the plaintiffs' amended complaint.

The court signed a set of findings in which it found that the allegations contained in the first count of plaintiffs' complaint were true. As to the allegations contained in the second count the court made a finding as follows: "It is true that the said property hereinafter described consists of a four-flat income-producing structure, suitable for the occupancy of four separate families; and it is true that four separate flats have an equal number of separate street numbers, namely, 1314, 1316, 1318, and

1320 Colton street, city of Los Angeles. Said premises are and were at the time of the said declaration of homestead suitable for residential purposes and the defendants are and were at the time of the filing of said declaration of homestead residing in one of the flats located on said premises.''

█ The attack made by the plaintiffs in their second count, the contention that the property was not the proper subject out of which to carve a homestead because the building consisted of flats, may not be sustained. The point has been directly ruled against the attack. (*Estate of Levy,* 141 Cal. 646 [99 Am. St. Rep. 92, 75 Pac. 301].)

█ The fact that the defendants filed a declaration of homestead to hinder and delay their creditors is not actionable. That result is to be expected from the very existence of a statute allowing the creation of homesteads. (*Fitzell* v. *Leaky,* 72 Cal. 477, 483 [14 Pac. 198].) The fact that the defendants are insolvent is of like import. The very object of enacting statutes permitting the creation of homesteads is to prevent insolvent persons from becoming homeless. █ The fact that the claim of the plaintiffs consists of an award of damages for deceit does not give the plaintiffs any standing to attack the homestead. To so hold would be to read into the statute (Civ. Code, sec. 1237 et seq.) provisions that the legislature has *ex industria* left out.

As contended by the plaintiffs it may be said that it follows that a homestead under some circumstances may be used to protect transactions bordering on fraud. Be that as it may the courts must follow the Constitution and the statutes enacted under it. ''With the policy of the law or the abstract morality of a particular transaction we have nothing to do. The doctrine bearing upon conveyances made to hinder, delay or defraud creditors has no application to the creation of a homestead.'' (*Beaton* v. *Reid,* 111 Cal. 484, 487 [44 Pac. 167].)

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.