[Civ. No. 8149. First Appellate District, Division Two.—January 12, 1932.]

ERNEST H. R. GRAHAM et al., Respondents, v. WILLIAM M. HUNT et al., Appellants.

Meserve, Mumper, Hughes & Robertson and Leo E. Anderson for Appellants.

Morrow & Moody for Respondents.

WARD, J., *pro tem.*—This is an appeal by defendants from a judgment quieting title of plaintiffs to certain property in Los Angeles County. The complaint is in the form ordinarily used in quiet title actions. The answer sets up a claim based upon a judgment in the sum of $6,090.12 with interest and costs rendered in an action wherein the present plaintiffs were defendants and the present defendants were plaintiffs. The answer further sets forth that on the eighth day of September, 1927, the judgment was duly entered and an abstract of such judgment recorded on the thirteenth day of September, 1927; that at the time of recordation the present plaintiffs were the owners of the property which is the subject of this action to quiet title. The answer also alleges that the judgment has not been paid or satisfied and that since recordation the judgment has been a lien on the property of plaintiffs and respondents herein. The court found that a good, valid and sufficient declaration of homestead had been recorded by the Grahams prior to the recordation of the abstract of judgment. The court further found that proceedings were duly commenced for the purpose of reaching the excess of value of the property over and above the statutory exemption allowed to homestead claimants; that an execution was issued and levied, the property appraised, an order made for its sale and the execution returned unsatisfied; that after the execution was returned the court made a further order that the order of sale of the property and the execution thereon be vacated on the ground that the plaintiffs (the Hunts) had unreasonably delayed the proceeding to reach the excess value of the property above the exemption allowed homestead claimants; that the last-mentioned order was made more than sixty days prior to the trial of the present action and that such order was final. Upon the findings of fact the court stated the conclusions of law and ordered judgment and decree for plaintiffs and respondents herein quieting all claims, etc., of the defendants "so long as the homestead remains in full force and effect".

Property homesteaded by the head of a family in excess of $5,000 may be executed upon by a judgment creditor by applying to the superior court where the property is situated for the appointment of appraisers to value the

property. (Secs. 1245 and 1260, Civ. Code.) The petition must be filed and verified and must set forth that an execution has been levied within sixty days prior to filing the petition, that the value of the described homestead exceeds the amount of the exemption and that no previous execution arising out of the same judgment has been levied. (Secs. 1246 and 1247, Civ. Code.) Section 1248 of the Civil Code provides as follows: "Within ninety days from the date of filing the petition, a copy thereof, with the notice of the time and place of hearing, must be served upon the claimant or his attorneys at least two days before the hearing; and if such notice shall not be so served, the lien of the execution shall cease at the expiration of said period of ninety days, and no execution based upon the same judgment shall thereafter be levied upon the homestead." Sections 1249, 1250, 1251 and 1252 provide for the designation of appraisers, their qualifications, duties, etc., and section 1254 provides for an order of sale of the homestead if it cannot be divided and the report shows an excess in valuation over the exemption of the homestead claim. The report of the appraiser in this case showed an excess in valuation over the exemptions but the order for the sale was vacated on the ground that the proceedings to reach the excess value had been unduly delayed. The effect of this order was to relieve the property of the execution lien. (*Hulse* v. *Davis,* 200 Cal. 316 [253 Pac. 136].)

Appellants contend that notwithstanding that the execution is extinguished and cannot longer be used, that the property is still subject to the lien of the judgment upon levy of the execution and the taking of proceedings to show an excess over and above the homestead execution. An abstract of judgment when filed becomes a lien upon all the real property of the judgment debtor not exempt from execution. (Sec. 674, Code Civ. Proc.) It may be considered a conditional lien against homestead property upon the filing of a petition under the provisions of the sections of Civil Code referred to herein, but not a valid lien until the order for sale is made. Upon the setting aside for good cause the order of sale, the proceedings are in effect quashed thereby placing the homestead property in the category of property "exempt from execution". The

recording of an abstract of judgment under the provisions of section 674 of the Code of Civil Procedure creates a lien for a period of five years from the date of the entry of judgment unless the lien is discharged. The order vacating the order for sale quashed the proceedings under sections 1245–1259 of the Civil Code, and thereby discharged the lien against this homestead property. The property being exempt from execution, the statutory period of five years for the existence of the lien does not apply to this property. A judgment lien not effective against a particular piece of property cannot be used as a claim of title and hence the trial court made a proper order in decreeing that the title of respondents be quieted as against the judgment lien of appellants. (*Boggs* v. *Dunn,* 160 Cal. 283 [116 Pac. 743]; *Lean* v. *Givens,* 146 Cal. 739 [106 Am. St. Rep. 79, 81 Pac. 128]; *Lubbock* v. *McMann,* 82 Cal. 226 [16 Am. St. Rep. 108, 22 Pac. 1145]; *Merelli* v. *Keating,* 208 Cal. 528 [282 Pac. 793].)

■ It may be assumed that the judgment obtained upon the ground of fraud was a proper judgment and it is admitted that it has not been paid. Appellants herein therefore contend that this action, resting in equity, all equitable principles are binding on the court in its decision; that these respondents seeking to quiet their title against this judgment obtained on account of fraud perpetrated by respondents upon appellants must come into court with clean hands and must do equity before they seek equity, etc. These principles are applicable generally in equity proceedings but an exception is made when a party takes advantage of a regulation or limitation given under the law as a benefit which accrues to society by protecting the family in precluding a creditor from appropriating the home. The Constitution of California directs the legislature to protect from forced sale certain portions of the homestead and other property of heads of families. As said in *Ontario State Bank* v. *Gerry,* 91 Cal. 94, 98 [27 Pac. 531, 532], "There is no question here about the morality of the transaction. It is simply a matter of statutory provision." (See, also, *Price* v. *Central Sav. Bank of Oakland,* 62 Cal. App. 583, 585 [217 Pac. 800].) The cases cited by appellants wherein these equitable principles have been applied, refer to quiet title actions as against tax

deeds, street assessments, mortgages, etc., but not to homestead property wherein the law requires that only after strict adherence to the statute may the family be disturbed in the enjoyment of the home.

 In a quiet title action costs are allowable to the party seeking to quiet title when the opposing party has taken issue as to title. (Civ. Code, sec. 1022; *Faxon* v. *All Persons,* 166 Cal. 707 [L. R. A. 1916B, 1209, 137 Pac. 919]; *Pinheiro* v. *Bettencourt,* 17 Cal. App. 111 [118 Pac. 941].)

An examination of the findings as a whole indicate support for the decree and judgment rendered.

Judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.