[Civ. No. 8982. First Appellate District, Division One.—July 13, 1934.]

EDNA L. THATCHER, Appellant, v. EMILE V. VAN BEVER et al., Respondents.

Coleman E. Stewart for Appellant.

Butcher & Haines for Respondents.

JAMISON, J., *pro tem.*—The sole question involved on this appeal is whether or not the land in controversy was and is a valid homestead. The trial court so found and rendered judgment for defendants. From this judgment plaintiff has appealed.

On September 25, 1923, appellant recovered judgment against defendant Emile V. Van Bever in the sum of $385 for rent of premises upon which respondents, husband and wife, were living. Thereafter, on October 23, 1929, appellant commenced an action to revive the lien of said judgment, and same was revived in the sum of $547.79, together

with interest and costs of suit. Execution was issued on said last-named judgment and same was returned unsatisfied.

In February and March, 1923, respondent Emile V. Van Bever deeded the land in controversy, being two adjacent lots, to his wife, Rosa L. Van Bever. On August 28, 1923, while occupying said property as a home, respondents joined in a declaration of homestead on the premises and duly recorded the same. They have since continuously occupied the premises as a home, except during temporary absences therefrom. [1] Temporary absence from the homestead does not constitute an abandonment of same, for a homestead can be abandoned only by a declaration of abandonment or a grant thereof executed and acknowledged. (Civ. Code, sec. 1243; *Waggle* v. *Worthy*, 74 Cal. 266 [15 Pac. 831, 5 Am. St. Rep. 440].)

The record discloses, and the court found, that a valid and sufficient declaration of homestead had been recorded by respondents prior to the rendition of appellant's judgment against Emile V. Van Bever. Therefore the lien of the judgment did not attach to the property covered by the homestead. (Civ. Code, sec. 1241; *Graham* v. *Hunt*, 119 Cal. App. 586 [7 Pac. (2d) 186]; 13 Cal. Jur. 482.)

Appellant contends that the conveyance from Emile V. Van Bever to his wife was in fraud of creditors. This contention is without merit. (*Schmidt* v. *Denning*, 117 Cal. App. 36 [3 Pac. (2d) 322]; *Fitzell* v. *Leaky*, 72 Cal. 477 [14 Pac. 198]; *Beaton* v. *Reid*, 111 Cal. 484, 487 [44 Pac. 167].)

In the case under consideration the homestead is composed of two adjoining lots, upon one of which, lot 64, the dwelling is situated; upon the other, a garage and barn, the whole of said premises being inclosed with a fence. The evidence clearly showed that both of said lots were used and occupied by respondents as their home. Such being the case, they both entered into and formed a part of the homestead. (13 Cal. Jur. 464; *Davis* v. *Lockwood*, 110 Cal. App. 114 [293 Pac. 631].)

We are of the opinion, inasmuch as the declaration of homestead was made and recorded prior to the date of appellant's judgment, and the lots were then occupied as a home by respondents and have never since been abandoned,

that the finding of the trial court that the same constituted a valid homestead is amply supported by the evidence. The judgment is therefore affirmed.

Tyler, P. J., and Knight, J., concurred.