[Civ. No. 2756. Fourth Dist.—June 30, 1941.]

COCA COLA BOTTLING COMPANY (a Corporation), Appellant, v. FRANK D. FELICIANO et al., Respondents.

Smith & Smith and C. Douglas Smith for Appellant.

Fred A. Shaeffer for Respondents.

MARKS, J.—Plaintiff, a judgment creditor of Frank D. Feliciano, brought this action to have set aside and declared invalid, a declaration of homestead on property in San Luis Obispo filed by Vernie Belle Feliciano, wife of Frank D. Feliciano. Defendants had judgment and plaintiff has appealed.

The facts of the case are not in dispute. Mr. and Mrs. Feliciano and their children lived on the property in question. The legality of the declaration of homestead is not questioned, if the use to which this property had been put left it subject to the homestead law.

The property consisted of a lot which had a width of about fifty-four feet and a depth of about one hundred ten feet. There was a building across the front of the lot, flush with the sidewalk, which was used by Mr. and Mrs. Feliciano for business and residential purposes. The rear line of this building was irregular, the deepest part extending back about fifty-four feet. The front was divided into three rooms, two of which were used as stores and for bottling wines. The third was used as a warehouse. Back of the rooms which were used as stores were the rooms used by the Feliciano family for their living quarters. These living quarters, which were in the main building, consisted of a living room, kitchen, pantry, bedroom, bath and screen porch. They were furnished in the manner usually found in modest homes. On the rear of the lot was a building in which was a shed, a garage, and a bedroom.

Frank D. Feliciano bought the property in question in 1934, and, with his family, has since occupied it as his residence and place of business. The family had no other home.

Feliciano was the distributor of the products of plaintiff in San Luis Obispo and northern Santa Barbara Counties. In addition to operating this business he sold gasoline from a pump in front of the building, sold beer and wines at both wholesale and retail in the storerooms, as well as soft drinks. He also bottled wines there. At times he employed as many as six persons, using four delivery trucks and one automobile in his business. Mrs. Feliciano assisted in the business, part of the time, by waiting on trade and in helping with the books. The gross revenue from the business during the year 1937, was about $80,000. We are not informed as to the amount of the net profits.

Plaintiff seeks a reversal of the judgment on the ground that the primary use of the property was for business purposes, the residential occupancy being merely incidental thereto, and that, therefore, it was not subject to being homesteaded. In support of this argument the following cases are cited: *Ackley* v. *Chamberlain,* 16 Cal. 181 [76 Am. Dec. 516] ; *Laughlin* v. *Wright,* 63 Cal. 113; *In re Noah,* 73 Cal. 590 [15 Pac. 290, 2 Am. St. Rep. 834] ; *McDowell* v. *His Creditors,* 103 Cal. 264 [35 Pac. 1031, 37 Pac. 203, 42 Am. St. Rep. 114] ; *Beronio* v. *Ventura County Lumber Co.,* 129 Cal. 232 [61 Pac. 958, 79 Am. St. Rep. 118] ; and *Estate of Levy,* 141 Cal. 646 [75 Pac. 301, 99 Am. St. Rep. 92].

The arguments of plaintiff are all clearly answered in the case of *McKay* v. *Gesford,* 163 Cal. 243 [124 Pac. 1016, Ann. Cas. 1913E, 1253, 41 L. R. A. (N. S.) 303], in which the Supreme Court said:

"It was recognized at a very early day that questions of difficulty would arise under our homestead law touching the character of the property sought to be exempted under its provisions. (*Ackley* v. *Chamberlain,* 16 Cal. 181 [76 Am. Dec. 516].) It is there said 'that the question whether property devoted chiefly to business purposes can be subjected to a homestead claim is full of embarrassment'. But when it is borne in mind that the homestead law is a beneficient law calling for liberal construction (*Heathman* v. *Holmes,* 94 Cal. 291 [29 Pac. 404]), we think all difficulty will be removed and all doubt resolved by the following suggestion: If under these identical circumstances of ownership of the property,

of the construction of the building thereon and of the use of that building, Mrs. Ferguson, instead of being a married woman with a husband, had been a widow with minor children to support, and an attack had been made upon a declaration of homestead which she had duly made and recorded upon the property, would any court say, or would any one say, that, notwithstanding that it was the residence and sole and only home of herself and babies it could not be impressed with the homestead characteristics because the principal purpose and use of the premises was its conduct by her as a hotel or boarding house in order that she might thus support herself and babies and give them a home? But the law is no different if you substitute a husband for the babies. The dominant and controlling fact still remains that this was the residence and home of the family, that it was suitable for the purpose and was used for the purpose. We are not in this case embarrassed by difficulties which have arisen in other cases where the character of the business maintained is one entirely foreign to the conception of a home, if not repugnant to it—such a case, for example, as is instanced by Chief Justice Field in *Ackley* v. *Chamberlain,* 16 Cal. 181 [76 Am. Dec. 516], of an effort to impress a gas factory with homestead characteristics because the owner lived in it. Here the very business which was carried on was conducted for the purpose of maintaining the home, for if this be not so then it must follow that any widow seeking to support herself and perhaps her children by taking boarders or lodgers under circumstances where it can be truly said that the principal business conducted upon the premises is that of a lodging-house or a boarding house cannot have a homestead, although she is conducting this very business so as to maintain herself and her offspring in a home. Each case of this character stands by itself and is to be governed by its own facts. Our own cases have passed recently under review in *Estate of Levy,* 141 Cal. 646 [75 Pac. [301], 317]. Without again reviewing them, it is sufficient to refer to this case. Therein, after extended consideration of our decisions, and amongst them *Heathman* v. *Holmes,* 94 Cal. 291 [29 Pac. 404], where it is said: 'Using a building partly or even chiefly for business purposes, or renting part of it, is not inconsistent with the right of homestead; provided it is and continues to be the *bona fide* residence of the family,' this court said: 'These cases are all authority for

the proposition that if a building is the actual *bona fide* residence of a party, he may legally select it and the land on which it is situated as a homestead, even though, incidentally, a part thereof, no matter how large, may be used by him for other purposes than those of family residence. There is no decision of this court in conflict with this view.' ''

The cases relied on by plaintiff are distinguished in some of the following, each of which supports the rule announced in the McKay case: *Skinner* v. *Hall,* 69 Cal. 195 [10 Pac. 406]; *Heathman* v. *Holmes, supra; Estate of Ogburn,* 105 Cal. 95 [38 Pac. 498]; *Estate of Levy, supra; Harlan* v. *Schulze,* 7 Cal. App. 287 [94 Pac. 379]; *Schmidt* v. *Denning,* 117 Cal. App. 36 [3 Pac. (2d) 322]; *Vincenzini* v. *Fiorentini,* 2 Cal. App. (2d) 739 [38 Pac. (2d) 876].

Under the rules announced in these cases the findings of the trial court that the property was the actual, *bona fide* dwelling and residence of defendants, and that the business conducted in and from the premises was incidental to its use as a dwelling, find support in the evidence.

■ The primary and incidental uses of the premises were questions of fact addressed to the trial court in the first instance. ■ It is elemental that where reasonable inferences have been drawn by the trial judge from undisputed evidence in support of his judgment, like inferences must be drawn on appeal. (*Witherow* v. *United American Ins. Co.,* 101 Cal. App. 334 [281 Pac. 668]; *Mah See* v. *North American etc. Co.,* 190 Cal. 421 [213 Pac. 42, 26 A. L. R. 123].)

■ Plaintiff maintains that the judgment must be reversed because of a conflict in the findings, relying on such cases as *Learned* v. *Castle,* 78 Cal. 454 [18 Pac. 872, 21 Pac. 11]; *Hollywood etc. Co.* v. *Hollywood Laundry Service,* 217 Cal. 131 [17 Pac. (2d) 712]; *Vuich* v. *Smith,* 140 Cal. App. 453 [35 Pac. (2d) 365], and *Mohun* v. *Timm,* 20 Cal. App. (2d) 136 [66 Pac. (2d) 701].

The trial court found, in effect, that the lien of plaintiff's judgment which was recovered on March 31, 1938, attached to the property even though the declaration of homestead was recorded on December 29, 1937, and at the same time held that the homestead was valid and rendered the property exempt from execution and forced sale.

The lien of a judgment does not attach to a homestead. (*Thatcher* v. *Van Bever,* 139 Cal. App. 658 [34 Pac. (2d) 740]; *Graham* v. *Hunt,* 119 Cal. App. 586 [7 Pac. (2d) 186].)

The finding that the lien of the judgment attached to the homesteaded property is more of a mistaken conclusion of law drawn from admitted facts than a true finding of fact. As a trial by jury in this case was not a matter of right we may modify the findings. (Code Civ. Proc., § 956a.)

An order denying a motion for a new trial is not appealable. (Code Civ. Proc., § 963.)

It is ordered:

That the words, "and it is true that said judgment became a lien on the property owned by the defendant Frank D. Feliciano", appearing at the end of paragraph numbered II of the findings of fact and conclusions of law are stricken therefrom.

That the attempted appeal from the order denying the motion for new trial is dismissed.

That the judgment is affirmed.

Barnard, P. J., and Kelly, J., *pro tem.*, concurred.