[Civ. No. 14346.   Second Dist., Div. Two.   May 11, 1944.]

MARY E. BRYAN PHELPS, Appellant, v. C. V. LOOP et al., Respondents.

Irving E. Read and Monroe & McInnis for Appellant.

Don F. Tyler and Chandler & Wright for Respondents.

MOORE, P. J.—Defendants are husband and wife. They own and, subsequent to its acquisition, have occupied, Lot 6, Block 5, City Center Tract of Los Angeles County. Having notice that plaintiff as their judgment creditor intended to have execution levied upon the lot and its building to satisfy a judgment entered some eight years before, defendants filed their declaration on June 24, 1940, designating Lot 6 as their homestead. Thereafter plaintiff filed this action alleging that such declaration should be annulled on the grounds that defendants incidentally occupy only one flat of the 18 apartments and flats of a building adapted to the business of hiring space to the public and that such flat is not susceptible of being set apart as a homestead.

The court found the facts as follows: prior to acquiring Lot 6 defendants owned an equity in a dwelling house consisting of three bedrooms on one acre of land in Canoga Park, of the same county; they exchanged the Canoga Park dwelling for an equity in Lot 6; the house on Lot 6 is a 35-year-old, three-story, wooden-frame building containing six double and three single apartments and nine light-house-keeping rooms; one of the double apartments and occasionally one of the light-house-keeping rooms are occupied by defendants as their home; the remainder of the house is kept available for renting; at the time of recording the declaration of homestead and subsequent thereto defendants resided on the property and used it as their dwelling house and home, which was their primary use of it; Mrs. Loop, as opportunity offered, rented apartments and rooms in order to help maintain the home; Lot 6 is 50 by 125 feet; the building is not divisible in any way; it is the only home of defendants. From such facts the court concluded and adjudged that the declaration of homestead filed by defendants constitutes a valid and subsisting homestead on the premises.

Plaintiff assigns as error the holding of the trial court that defendants are entitled to a homestead exemption on an 18-flat apartment building. She contends that the premises are primarily adapted to and used as business property, and the mere fact that defendants make their home in a portion of the premises does not entitle them to declare the property as a homestead and thereby exempt it from execution.

The weight of authority is directly at variance with appellant's contention. Where the building occupied by a family is suitable for a home and is used for that purpose, the owner is not to be deprived of his homestead rights merely because a part of the building is used for supplementing the family income. If it be determined that the very business carried on by the homesteader is for the purpose of maintaining the home, the fact of the conduct of such other activity does not defeat the owner's right to designate the property in his declaration. Using a building so occupied, even chiefly for business purposes or renting a part of it, is not inconsistent with the homestead right. Where premises are acquired for, and are actually occupied as, the bona fide home of a family, the head may select it as a homestead even though incidentally a major portion of the building may be used by him for deriving revenue. His conduct of business there is an incidental and subordinate purpose. Under such circumstances the business is carried on to enable the family to maintain a home. Although only one apartment in a building is dedicated to residence purposes, yet if it is actually occupied by the owner and his family and if such occupancy is not merely incidental to a business conducted there, the building and the land on which it is situated may be selected as a homestead. (*McKay* v. *Gesford,* 163 Cal. 243 [124 P. 1016, Ann.Cas. 1913E 1253, 41 L.R.A.N.S. 303]; *Estate of Pickard,* 169 Cal. 162 [146 P. 425]; *Heathman* v. *Holmes,* 94 Cal. 291 [29 P. 404]; *Coca-Cola Bottling Co.* v. *Feliciano,* 45 Cal.App.2d 680 [114 P.2d 604]; *Schmidt* v. *Denning,* 117 Cal.App. 36 [3 P.2d 322]; *Vincenzini* v. *Fiorentini,* 2 Cal.App.2d 739 [38 P.2d 876]; *Estate of Levy,* 141 Cal. 646 [75 P. 301, 99 Am.St.Rep. 92].)

The finding that the property was acquired to be used as a home is abundantly supported by the evidence. Defendants from the time of their entry have so occupied it continuously. They exchanged their equity in a modest dwelling for the equity in Lot 6. According to plan, by the diligence of the wife and the rentals obtained the defendants have been enabled to soften the asperities of their struggle for subsistence while maintaining a home. The tranquility of society and the prevalence of a healthy social order are factors which must have been paramount in the legislative mind in ordaining the right of a family to hold and enjoy, without let or hindrance, the realty they have designated as their terrestrial abode. Under the findings, the primary use of the building by de-

fendants is for their home. That they have bona fide so occupied the property at all times is uncontradicted.

A review of the authorities cited by both parties demonstrates that there is no formula by which to decide the right of a claimant to his homestead. Each case must be determined according to the facts presented. (*McKay* v. *Gesford, supra.*) The findings here warrant the judgment. We cannot say that the findings were the result of arbitrary behavior.

The distinguishing features of the authorities cited by plaintiff readily appear. The claimants used their premises "primarily and principally as a hotel." (*Laughlin* v. *Wright,* 63 Cal. 113.) The claimant included in his declaration "land entirely disconnected from" the dwelling designated in the declaration. (*In re Crowey,* 71 Cal. 300 [12 P. 230].) The claimant had not occupied the "premises for over ten years last past" but had rented them. (*Maloney* v. *Hefer,* 75 Cal. 422 [17 P. 539, 7 Am.St.Rep. 180].) The claimant included lots 4 and 5 in his declaration whereas 89 feet of lot 4 was occupied by a business structure, was used for business and not at all for residence. (*In re Allen,* 78 Cal. 293 [20 P. 679].) Five lots were included in the declaration whereas only one lot was necessary to the enjoyment of the home. (*Guernsey* v. *Douglas,* 171 Cal. 329 [153 P. 227].) The declaration having included two lots was annulled as to lot 28 (a dance hall) since only lot 27 was necessary to the home. (*Lorenz* v. *Hunt,* 91 Cal.App. 78 [266 P. 617].) The declaration included two separate houses on two adjoining lots. (*Wagner* v. *Ulrich,* 204 Cal. 452 [268 P. 629].) The homestead was voided as to that part of a duplex which was occupied by a tenant. (*Tiernan* v. *His Creditors,* 62 Cal. 286.) The probate court declined to set aside as a homestead separate property of the widow's deceased husband. (*In re Noah,* 73 Cal. 590 [15 P. 290, 2 Am.St.Rep. 834].) The declaration designated a two story brick building which the claimant had constructed "for the purpose of conducting therein a general merchandise store and hotel." (*Beronio* v. *Ventura County Lumber Co.,* 129 Cal. 232 [61 P. 958, 79 Am.St.Rep. 118].)

The judgment is affirmed.

Wood, (W. J.) J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 6, 1944.