[Civ. No. 14995.  Second Dist., Div. Three.  Feb. 11, 1946.]

MARY E. BRYAN PHELPS, Appellant, v. C. V. LOOP et al., Respondents.

Irving E. Read and Monroe & McInnis for Appellant.

Chandler & Wright and Don F. Tyler for Respondents.

WOOD, J.—This is an appeal by a judgment creditor from an order denying her amended petition for appointment of appraisers to appraise a homestead after levy of execution.

Appellant, Mrs. Phelps, as plaintiff in an action in San Diego County against C. V. Loop and Ethel Loop to foreclose a chattel mortgage, obtained judgment on September 27, 1932, for $9,770.93 and for foreclosure. After crediting the judgment with the proceeds of the foreclosure sale, held on October 2, 1932, there was a deficiency judgment of $9,243.30. In June, 1940, appellant gave notice of motion for issuance of execution. On June 24, 1940, after the service of said notice, the judgment debtors filed their declaration of homestead claiming an apartment building in Los Angeles, consisting of sixteen separate apartments, as their homestead. Execution was issued July 29, 1940, and was levied upon said property on November 14, 1940. On December 11, 1940, the execution was returned wholly unsatisfied.

About December 16, 1940, appellant commenced a declaratory relief action in Los Angeles County to determine whether the property was subject to a homestead—it being appellant's contention therein that a homestead on that kind of property was not valid.

On January 11, 1941, appellant filed a petition for appointment of appraisers to appraise the homestead, but did not serve it on the debtors or their attorney.

On May 11, 1944, it was decided in *Phelps* v. *Loop,* 64 Cal. App.2d 332 [148 P.2d 674] (the declaratory relief action), that the homestead was valid. On October 3, 1944, appellant obtained an alias writ of execution upon the same deficiency judgment above mentioned, and that writ was levied on the same property on November 30, 1944. On January 24, 1945, appellant filed the amended petition for appointment of appraisers, which is involved herein.

Section 1245 of the Civil Code provides: "When an execution for the enforcement of a judgment obtained in a case not within the classes enumerated in section 1241 is levied upon the homestead, the judgment creditor may at any time within sixty days thereafter apply to the superior court . . . for the appointment of persons to appraise the value thereof, and if such application shall not be made within sixty days after the levy of such execution the lien of the execution shall cease at the expiration of said period, and no execution based upon the same judgment shall thereafter be levied upon the homestead."

The lien of the judgment obtained on September 27, 1932, expired five years thereafter. ▉ The declaration of homestead having been filed in 1940, after the expiration of the judgment lien in 1937, the homestead was not subject to execution in satisfaction of a judgment within any of the classes or exceptions enumerated in the section 1241 referred to in section 1245. (Stated generally, those exceptions relate to a homestead which is subject to a lien.)

As to the service of the petition for appointment of appraisers on homestead property, section 1248 of the Civil Code provides: "Within ninety days from the date of filing the petition, a copy thereof, with the notice of the time and place of hearing, must be served upon the claimant or his attorneys at least two days before the hearing; and if such notice shall not be so served, the lien of the execution shall cease at the expiration of said period of ninety days, and no execution based upon the same judgment shall thereafter be levied upon the homestead."

As above shown, appellant complied with section 1245 by filing her first petition for appointment of appraisers on January 11, 1941, which was within sixty days after the levy of the first execution was completed on November 14, 1940. She did not comply, however, with section 1248 by serving a copy of her first petition upon the debtors or either of them or their attorney within ninety days after filing the petition or at any time.

She did not serve the copy of the petition for the reason, according to her brief, that she could not prosecute both the declaratory relief action and the execution proceeding at the same time, and she chose to prosecute the declaratory relief action first in order "to find out which remedy was the correct one." She also states that if the court sustained her in

the declaratory relief action, she "could then safely enforce her execution as against defendants' entire property." If the appellant had been successful in the declaratory relief action and had obtained a decision that the apartment-house property was not the kind of property that could be homesteaded, then appellant could have proceeded with the execution against the entire property, and there would have been no requirement that appraisers be appointed. Rather than to proceed with the execution against the property which she claimed was worth about $25,000, even though it appeared that the property was subject to a homestead exemption of $5,000, she elected to test the validity of the homestead in the expectation that the debtors would not be entitled to an exemption of $5,000. She argues in effect that the proceedings by way of petition for appointment of appraisers were necessarily suspended and had to "remain dormant" during the time the declaratory relief action was pending, and that the time consumed in prosecuting that action, about three and one-half years, should not be included in computing the time within which she was required to proceed with her application for appointment of appraisers. She was not required to seek declaratory relief, but did so apparently because she considered it would be to her financial advantage. The declaratory relief action did not extend the time within which she was required, under said section 1248, to serve the petition upon the debtors or their attorney. Appellant having failed to serve the first petition within ninety days after it was filed, the lien of the first execution ceased at the expiration of said period of ninety days, and she was not entitled thereafter to have an execution, based upon the same judgment, levied upon the homestead. (Civ. Code, § 1248.)

Section 1246 of the Civil Code provides that the application for appointment of appraisers must show, among other things, "That no previous execution arising out of the same judgment has been levied upon said homestead." The amended petition herein did not make that required showing, but on the contrary alleged, "That no previous or other execution upon said judgment has been levied upon said homestead *except as herein stated,* that in January, 1941, your petitioner commenced proceeding for the appointment of appraisers to appraise said homestead after levy of execution by filing petition for that purpose. . . ." (Italics added.) It therefore appears that the amended petition, which was filed

more than four years after the first petition was filed and more than six months after the final decision in the declaratory relief action, failed to comply with an essential part of said section 1246.

In *Arighi* v. *Rule & Sons, Inc.*, 41 Cal.App.2d 852 [107 P.2d 970], the original creditor, Rule & Sons, levied execution on homesteaded property, but did not file a petition for appointment of appraisers within sixty days or at all as required by section 1245. Thereafter the assignee of Rule & Sons obtained a renewal judgment, and levied execution on the same property, and within sixty days filed a petition for appointment of appraisers. The court said therein at page 857: "The record shows that the original judgment creditor did not comply with the section quoted [section 1245]. It is not contended that he did. However, appellant, his assignee, did file such a petition, and it was denied. The ruling was proper. The failure on the part of Rule & Sons, Inc., to perfect their levy of execution by a filing of petition for appointment of appraisers within sixty days after the levy, had the effect of extinguishing the lien of the execution, and precluding any subsequent levy of execution against the homestead property based upon that same judgment." Although that case pertained to the failure to file a petition for appointment of appraisers within sixty days as required by section 1245, it is of value here because the penalty provision of that section for failure to file the petition within sixty days is identical with the penalty provision of section 1248, involved herein, for failure to serve the petition within ninety days. The penalty provision in each of those sections is that "the lien of the execution shall cease" and "no execution based upon the same judgment shall thereafter be levied upon the homestead."

In *Palen* v. *Palen*, 28 Cal.App.2d 602, it was said at page 607 [83 P.2d 36]: "[T]he power of a creditor to attack the homestead by forced sale must be strictly limited to the instances specified in the law, in order that the humane objects which the legislature intended by its enactment shall be effected."

The proceeding herein, under the amended petition, was approximately four years too late.

The order is affirmed.

Desmond, P. J., and Shinn, J., concurred.